Barnard *v.* Simms.

[DUTCHESS GENERAL TERM, May 9, 1864. *Brown, Scrugham, Lott* and *J. F. Barnard,* Justices.]

## BARNARD *vs.* SIMMS.

Proceedings to compel the determination of claims to real property, are properly brought and prosecuted by notice under the statutes in regard thereto, notwithstanding section 449 of the code of procedure, which declares that they may be prosecuted by action, without regard to the forms of proceeding prescribed in the statutes.

The action given by section 449 of the code is cumulative, and not in abrogation of the right to proceed by notice under the statute.

If the defendant in such proceedings has a title, he is bound to produce and prove it. The plaintiff is not required to show any thing beyond the three years' possession, under a claim to one of the three estates named in the statute, if it be disputed and put in issue by the answer.

The title of the defendant is now to be tried upon the answer and the replication thereto; but in respect to such title the defendant is still the actor, and is bound to prove it upon the trial.

The court, under proceedings of that nature, can take cognizance of claims to three estates only — estates in fee, for life, and for a term of years, not less than ten. It was not intended that all controversies and claims to land should be settled thereby.

The plaintiff must allege and show that he claims one of these estates, to maintain his status in court; and so the defendant must also show that

his title is one of the three mentioned, or he cannot have judgment in his favor. The statute concludes him upon no other claim or title.

The defendant cannot appear and disclaim and have judgment of discontinuance, with costs, in his favor. If his claim or interest be of that kind of which the court cannot take judicial cognizance, he loses nothing, and cannot be prejudiced by any default to be taken against him for his nonappearance upon the notice.

If the title and interest claimed by him is not an estate in fee, for life, or for a term of years in possession, reversion or remainder, then he has no standing in court, and judgment should be rendered against him on the trial.

APPEAL from a judgment rendered at a special term, dismissing proceedings to compel the determination of a claim to real estate.

*D. P. Barnard,* plaintiff, in person.

*John Winslow,* for the defendant.

*By the Court,* Brown, J. Proceedings to compel the determination of claims to real property, are properly brought and prosecuted by notice under the statutes in regard thereto, notwithstanding section 449 of the code. This section declares that they may be prosecuted by action, without regard to the forms of proceeding prescribed in the statutes; but the statutes themselves are nowhere repealed or modified, but are left standing upon the statute book. In 1855, and also in 1860, the original act was changed and modified in several important particulars, by two several acts passed in those years, which are subsequent to the adoption of the code, and are in effect a clear legislative recognition of the existence of the mode of proceeding by notice under the statute. Sections 5, 6, 7, 14 and 20, as amended by the act of 14th April, 1855, speak of the notice provided to commence the proceedings by section 2 of the original act, (2 *R. S.* 238,) while section 15, as amended, gives to a defendant, who recovers and is entitled to the immediate possession, a writ of possession, as in an action for that purpose. The

same act, in a new section, (11,) provides that "in case of a trial under the above proceedings, either party conceiving himself aggrieved, may appeal, as in personal actions under the code." The action given by section 449 of the code, therefore, is cumulative, and not in abrogation of the right to proceed by notice under the statute.

The object of these proceedings is to compel the determination of claims to real property, and quiet the title. To enable a person to institute and maintain them he, or those whose estate he has, must have had the actual possession for three years, claiming the same in fee, for life, or for a term of years, not less than ten. If the person served with the notice does not appear after the time specified therein, and upon due proof of the service, the court are to render judgment that "the person upon whom the notice was served, and all persons claiming under him by title accruing subsequently to the service of the notice, shall be forever barred from all claim to any estate of inheritance or freehold, or of a term for years, not less than ten, in the premises," mentioned in the notice. If he appears and answers, he may take issue upon the question of the three years' possession under the claim of title. The issue is to be tried as in other personal actions, and the successful party shall be entitled to judgment for such relief as he is entitled to, with costs, as in other personal actions under the code; and the person serving the notice is to be deemed the plaintiff, and the person upon whom it is served is to be denominated the defendant. The latter may also set forth the title claimed by him in the premises; and this also is to be tried and determined in the same way; and a judgment obtained by either party shall be conclusive against the other party as to the title established in such action or proceeding, and also against all other persons claiming under such party by title accruing subsequent to the service of the notice. Provision is also made where the title established by the defendant is an estate in remainder or reversion, that he shall not be

Barnard *v.* Simms.

required to establish an immediate right of possession, but the time when he will be entitled to such possession shall be specified in the verdict or report, and the judgment entered thereon.

The defendant appeared in this proceeding and answered, setting forth the title claimed by him in the premises, being certain certificates of sales of the premises mentioned in the notice, for taxes duly assessed and levied thereon by the authorities of the city of Brooklyn, and duly sold by Edmund Driggs, collector of taxes and assessments in said city, by authority of law, for a term of years; some of which were acquired by him by purchase, at the collector's sales, and some of them by assignment, by deeds of assignment from other purchasers. He also alleged in his answer that he had no interest or title to the lands mentioned in the notice, other than such as was founded upon and created by such certificates, which did not create or vest in him an estate in fee, or for life, or for a term for years, in possession, reversion or remainder; and that whatever right he had was not a claim to lands within the meaning of the act concerning proceedings to compel the determination of claims to real property. The plaintiff put in a general reply to the answer, denying all the allegations therein contained. This was the condition of the proceedings when the same came to the circuit for trial. The plaintiff proceeded to produce and prove his title to the lands, and rested. "The counsel for the defendant then moved to dismiss the proceedings, upon the ground that they should have been commenced by action under the 449th section of the code; and because the statute authorizing these proceedings has no application whatever to the defendant's claim, which is a mere lien or right to acquire a title if the defendant should so elect, thereafter, in case the redemption money is not paid. The defendant has no claim in fee, or for life, or for a term of years, not less than ten; nor does he make any such claim." The court thereupon granted

the motion, and dismissed the proceedings upon the last named ground, and the defendant excepted. From the judgment thereupon entered the plaintiff appealed.

The defendant's motion and the judgment rendered thereon, proceeds upon the theory that when a person is made a party and appears and answers in a proceeding of this kind, the plaintiff is bound to show that the defendant claims or pretends to claim one of the estates in the lands, mentioned in the statute, in the first instance, or the proceedings will be dismissed; because the defendant offered no proof upon the trial, and it did not appear what his claim was, except as it was set up in the answer; all the allegations of which were denied by the plaintiff's replication. This, I think, was a misapprehension of the objects of the statute. If the defendant has a title he is bound to produce and prove it. The plaintiff is not required to show any thing beyond the three years' possession, under a claim to one of the three estates named, if it be disputed and put in issue by the answer. By the 9th section of the original act, when the person served with the notice appeared and claimed title, he was to proceed against the person serving the notice, by the service of a declaration in ejectment, and thereupon he became the actor and plaintiff in the action. This 9th section is repealed by the act of 1855, so that his title is now to be tried upon the answer and the replication thereto; but in respect to such title he still remains the actor, and is bound to prove it upon the trial. If, however, we assume, as may have been assumed at the trial, that the defendant's only claim was the certificates of the sales by the collector for taxes, I nevertheless think the order dismissing the proceedings are error.

We have already seen that the court, under these proceedings, can take cognizance of claims to three estates only; estates in fee, for life, and for a term of years, not less than ten. It was not intended that all controversies and claims

to land should be settled thereby. The plaintiff must allege and show that he claims one of three estates, to maintain his status in court; and so the defendant must also show that his title is one of the three referred to, or he cannot have judgment in his favor. The statute concludes him upon no other claim or title. If he be a judgment creditor, or mortgagee out of possession, or if he claim an equitable interest in the land as *cestui que trust,* or as purchaser under an executory contract, or by any other equitable interest, or inchoate or incomplete right, he is under no necessity of appearing and setting up his interest in the lands; because, as he has no title which the court can take cognizance of under the proceedings, the court can render no judgment which will conclude or prejudice him in asserting his interest at some future time. He cannot appear, as he once could, under the 8th section of the original act, (since repealed by the act of 1855,) and disclaim, and have judgment of discontinuance, with costs, in his favor. If his claim or interest be of that kind of which the court cannot take judicial cognizance, he loses nothing, and cannot be prejudiced by any default to be taken against him for his non-appearance upon the notice. The express words of the statute are that if he do not appear, he "and all persons claiming under him by title accruing subsequent to the service of the notice, shall be forever barred from all claim to any estate of inheritance or freehold, or of a term for years, not less than ten, in the premises. We are not called upon now to pronounce upon the nature of the claim set up in the answer; whether it is a new lien upon the lands sold, or something more. The trial did not proceed far enough to bring that question up for adjudication. But if the defendant is right in thinking, as he asserts in the concluding averment of his answer, that the title and interest created by the sales for taxes is not an estate in fee, an estate for life, or for a term of years, in possession, reversion or remainder, then it is

quite obvious he had no standing in court, and judgment should have been rendered against him upon the trial.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

[Dutchess General Term, May 9, 1864. *Brown, Scrugham, Lott* and *J. F. Barnard,* Justices.]