LYMAN S. BURNHAM, Respondent, *v.* HORATIO Y. ONDERDONK, Appellant.

The provisions of the Revised Statutes, as amended by subsequent acts relating to proceedings by notice, to compel the determination of claims to real property (tit. 2, chap. 5, part 3, R. S.), are not repealed or affected by section 449 of the Code of procedure; but the proceeding by summons and complaint there authorized, is a cumulative remedy.

Where the person upon whom such notice is served under the statute, claims to hold a certificate of sale of the premises, for the term of ten thousand years, for non-payment of municipal assessments, he is a claimant of " an estate for a term of years not less than ten," within the meaning of the statute, and can be proceeded against thereunder. (DANIELS, J.)

The enumeration in section 471 of the Code, of certain titles and sections of the Revised Statutes, which should not be affected by it, does not warrant the inference that all those on similar subjects not so enumerated, were repealed. (DANIELS, J.)

(Cause argued October 7th, 1869, and decided December 22d, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment for the respondent.

In accordance with the provisions of the Revised Statutes (title 2 of chap. 5, part 3), entitled of " proceedings to compel the determination of claims to real property in certain cases," the respondent served upon the defendant, a notice dated June 4th, 1863, asserting the plaintiff's title to certain lots in the city of Brooklyn, in fee, his possession thereof for more than three years; that the defendant unjustly claimed title thereto, and requiring him to appear and assert his claim, &c., &c., in the form prescribed by the statute.

HAND—VOL. II.     54

The defendant appeared, and alleged that he is the owner and holder of two certificates of the sale of the said lots for the non-payment of assessments, dated December 11, 1856, executed and delivered to him by the collector of assessments of the city of Brooklyn, upon a sale of the said lots made to the defendant, each for the term of 10,000 years. That the sale was duly made, and was according to law; and the assessments were duly and regularly imposed, and the proceedings prior to the sale were regular, and the sale and all proceedings whereon it was based were regular and valid.

The defendant then states, that he has no other interest in, or title to the lands referred to, other than such as is founded upon and created by said sales and certificates. And finally he alleges, that such title or interest so founded, is not an estate in fee, or for life, or for a term of years in possession, reversion, or remainder in said lands, and that the same is not a claim to lands within the statute under which the plaintiff is proceeding.

The plaintiff replied to this answer and demanded judgment, that the defendant, and all persons claiming under him, be forever barred from all claim to any estate of inheritance, or freehold, or for a term of years, not less than ten, in possession, reversion, or remainder, to the premises described in the plaintiff's notice, with costs.

Upon these pleadings, or proceedings in the nature of pleadings, the matter was brought to trial; both parties appeared. First, the defendant moved to dismiss the proceeding on the ground, that proceedings for the determination of claims to real property can only be commenced by summons and complaint, as an action under section 449 of the Code of Procedure. This motion was denied. The plaintiff proved his title and possession, and the value of the premises, and rested. The defendant again moved to dismiss the proceeding on the grounds,

1st. Because the statute authorizing these proceedings has no application to the defendant's claims, which is a mere lien, or right to make a title, if he so elect. But at present he has

no claim, and makes no claim, in fee or for life, or for a term of years not less than ten.

2d. Because the plaintiff cannot maintain this action until the defendant asserts a tangible, substantial claim to the premises, which he may never do.

3d. Because the claim set up by the defendant is not within the statute.

The motion was denied.

The defendant offered no evidence in support of his answer.

The jury found a verdict for the plaintiff, found the value of the property to be $4,400.

Judgment was therefor entered for the plaintiff, whereby it was adjudged that the defendant, and all persons claiming under him, be forever barred from all claim to any estate of inheritance, or freehold, or for a term of years, not less than ten, in possession, reversion, or remainder, to the premises described in the plaintiff's notice. And that the said plaintiff recover of the defendant $147, and thirty-seven dollars and thirty-seven cents, for his costs and disbursements herein.

From this judgment the defendant appealed to the General Term of the Supreme Court, at which in the second district, the judgment was affirmed; whereupon he appealed to this court.

*Esek Cowen*, for the appellant, cited *People* v. *County Judge of Rensselaer* (13 How., 400); *Duel* v. *Rust* (24 Barb., 444); *Mann* v. *Provost* (4 Abb., 446); *Croghan* v. *Livingston* (17 N. Y., 218).

*D. P. Barnard*, for the respondent.

WOODRUFF, J.    The Code, as enacted in 1848, made no provision respecting the determination of the claims to real property to which title 2 of chapter 5 of part 3d of the Revised Statutes related.    But, in 1849, a section was inserted in the Code, as follows:    "Proceedings to compel the determination of claims to real property, pursuant to the

provisions of the Revised Statutes, may be prosecuted by action under this act, without regard to the forms of the proceedings as they are prescribed by those statutes." This section of the Code, has ever since remained unaltered.

On behalf of the appellant, it is argued that these proceedings and the judgment therein, are erroneous, because the court obtained no jurisdiction to try any claim to the lands in question, through the service of the notice of the plaintiff, or the defendants' answer thereto. That the proceeding, by notice, authorized by the Revised Statutes, is abrogated by the above quoted section of the Code. On the other hand, it is claimed by the respondent, that the remedy by action is cumulative merely, and this section of the Code only permissive, and the proceedings according to the statute may be pursued, if the party so prefer.

Shortly after this section was introduced into the Code, it was held that, notwithstanding the express language thereof, there was so great difficulty in adopting the proceedings in an action to the proceedings contemplated by the statute, that the Code was in this respect impracticable, and an attempt to commence the proceedings by summons and complaint was set aside. (*Crane* v. *Sawyer*, 5 How. Pr. R., 372.) But in 1854, it was held in the Supreme Court in *Hammond* v. *Tillotson* (18 Barb., 332), that these difficulties were not insuperable, and that the action might now be brought by summons for the purpose of determining such claims; and such an action was held regular, if the summons required an answer in twenty days. The opinion expressed by Judge STRONG, was, in effect, that the Code had superseded the statute, but that was not necessary to the decision.

The language of the section taken literally, is plainly permissive and not imperative. And I perceive no reason for deeming the enactment a repeal of the statute mode of conducting the proceedings, unless the continuance of both works some inconsistency.

Legislative declaration of the continued existence of the statute proceedings is entitled to much weight, if the question

were otherwise doubtful, and that is found in the act of 1854, which, in terms declares that " all the provisions of that title" are hereby extended to corporations * * and "corporations are hereby authorized to proceed *under said* title in the same manner as individuals," and "the notice mentioned in the second section thereof, shall be subscribed," &c., &c.

This enactment is, though perhaps not tantamount to a revival of a repealed statute, a very palpable assertion of its continued force and operation. (Laws of 1854, Ch., 116.)

And again in 1855, section 4 was repealed, and very many provisions were added, some of which amount to affirmative re-enactments.

Thus section 5 : " Any person on whom such *notice* may have been served, may appear by serving notice of appearance on the person on whose behalf *the notice mentioned in the second section shall have* been served, or on his attorney.

And still more pointedly section 6. If such person shall not appear and answer within forty days *after* the service of such notice * * * the person who *caused the said notice to be served* * * * may enter a judgment of the Supreme Court as of course, whereby the person *on whom the said notice was served*, and all persons claiming under him by title accrued *subsequently to the service of such notice*, shall be forever barred, &c., &c. Other provisions of like effect are contained in subsequent sections, and section 20: " Upon the proof of the service of such notice * * such court * * may render judgment for the plaintiff," &c., &c.

I can hardly conceive of anything short of direct and explicit re-enactment more conclusive than this. If there was doubt before, whether the proceedings might be commenced by notice, this statute declares that it may be, and that the person served with notice must appear and answer, or judgment may be entered ; and on proof of such service, &c., judgment may be entered.

I think that apart from this statute, I should be of opinion, that an action under the Code was a cumulative remedy ; but under the acts of 1854 and 1855, it is, I think clear that the

proceeding herein was rightly instituted, and the court had jurisdiction to entertain it in the form in which it was commenced.

2. The next objection is in the three forms in which the defendant moved to dismiss, that the statute has no application to the defendant's claim, which is not within the statute because such claim is a mere lien or right to make a title, and he at present makes *no* claim, " in fee, or for life, or for a term of years not less than ten."

The statute only authorizes a judgment which shall bar the defendant of all claim to any estate of inheritance or freehold, or (by the statute of 1848), for a term of years not less than ten. If then, the defendant made no such claim, then obviously all that his answer amounts to is a disclaimer of any such claim as the proceeding was intended or was effectual to bar. No other claim could be barred by the proceeding.

As no evidence was given by the defendant in support of his answer, we have no knowledge that he had any title or interest, legal or equitable, prospective or future. All that the court say is, that in a notice duly authorized by statute, the defendant was charged with unjustly claiming title to the premises, and that unless he appeared and asserted his claim in the manner provided by law, he would be barred from all claim to any estate of inheritance or freehold, or for a term of years less than ten in possession, remainder or reversion. Now, if he made no such claim, his appearance and answer was unnecessary ; the statute, as amended in 1855, does not warrant appearance for the mere purpose of disclaiming.

The answer, if, in truth, the title set up therein did not constitute such a claim as the statute contemplates, and so the defendant in the answer itself declares, should have been struck out as frivolous. I give no opinion on that question, because the title was not proved, and therefore, the question is not before us.

The course taken by the defendant produces this alternative. The claim of the defendant, as his title is set up in the

answer, is either such a claim as is contemplated by the statute, or it is not.

If it is not, then it is not barred by the proceeding.

If it is, then the defendant should have proved his title on the trial.

The plaintiff had regularly instituted his proceeding. If he was mistaken, and the defendant neither had nor claimed to have a claim of title which would under the statute be barred, if he did not appear and assert it, then he was not called upon to appear and assert it at all, because no judgment to his prejudice was authorized, and this statute does not authorize him to put the plaintiff to expense by appearing and putting in a disclaimer. The design of the statute, was to clear up doubtful or uncertain claims, and make the title free, and not to invite litigation by a defendant who, disclaiming such claim, might submit to judgment.

On the other hand, if the defendant had a claim which was within the statute or which was of such a nature as would or might be prejudiced by a judgment, barring him in the terms of the statute or even a claim upon which he desired to insist that its existence furnished no warrant for instituting the proceeding at all, he should have proved it. Not having done so, the question whether a claim under a certificate of sales for taxes or assessments is or is not one which warrants the plaintiff in taking proceedings under this statute was not before the court below, and is not before us on this appeal. Of the nature of the defendant's claim, or of its extent or validity, whether it be of a present or future estate, no evidence is before us and no adjudication thereon, is here for review.

I think the judgment should be affirmed.

DANIELS, J. It was claimed by the defendant upon the trial of this proceeding, that it should be dismissed by the court, on the ground that the portion of the Revised Statutes providing that it might be commenced by a notice, had been repealed by the Code, when it was provided that the same

proceedings could be taken by action. The Code, at the time when the proceeding was taken, which was in 1863, contained but one section expressly enacted for the purpose of affecting it. And by that, it was provided that, "proceedings to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, may be prosecuted by action under this act, without regard to the forms of the proceedings as they are prescribed by those statutes," section 449. This section, which was first enacted in 1849 (Laws of 1849, 701, § 449), it will be seen, contains nothing prohibiting the commencement of those proceedings by notice, as that could have been, and uniformly was done before its enactment. It merely provided that the proceedings might be, not that they must be prosecuted by action. And that was not necessarily inconsistent with the concurrent existence of the right to commence and prosecute them by notice. In this respect, the effect was different from that of those sections which provided for a new form of civil action for the redress or maintenance of the rights previously attainable, only by actions at law, and in equity. For in that case the new system could only go into effect by practically superseding that which previously existed. The substitution of the former, necessarily presumed and implied the abrogation and extinguishment of the latter. The two were so manifestly incongruous that both could not exist together. But no such inconsistency arises out of the right to prosecute these proceedings by action. For no such right was secured· by law previous to 1849, when the section referred to was enacted. Before that, proceedings taken for the determination of claims to real estate, were purely of a statutory character, alike unknown as actions, both in the courts of law and equity. It was a special statutory remedy before the enactment of the Code, not obtained by action.

And that was evidently the view, which was taken of this and similar provisions inserted in the Code, by the legislature. For by section 471, it was provided in express terms, that the second part of the Code, which is the part containing the sec-

tion that confers the power of prosecuting these proceedings by action, should not affect any special statutory remedy not theretofore obtained by action. And that was clearly broad enough, as it was no doubt intended, to save and retain the proceedings provided by the statutes for the determination of claims to real estate. Nothing was inserted in the succeeding portion of that section in conflict with this view of it. For, while it was provided, that certain portions of the Revised Statutes specifically mentioned, should not be affected by the Code, it was not declared that those not then exempted should be affected by its provisions. Enumerating those that were mentioned, therefore, did not necessarily warrant the supposition, that it was intended to repeal such as were not expressly noticed for the purpose of saving them. The Code repealed only such portions of the existing laws as were inconsistent with its own provisions (§ 469). And as no inconsistency can possibly exist between the right to prosecute proceedings to determine claims to real estate by action, and that to do the same thing by means of the special statutory remedy previously provided, it could not have been intended that the latter should be repealed by the former. Both modes of proceeding can well stand together, and where that is the case, the old is never held to be repealed by the one afterward provided. (*Stafford* v. *Ingersoll*, 3 Hill, 39 ; *Renwick* v. *Morris*, id., 621.)

The same view of these provisions of the Code was necessarily taken by the legislature in 1855, six years after the right to prosecute these proceedings by action had been given. For then, the previous section of the statute, which required a rule to plead to be entered after the notice was served, was repealed ; and it was provided that the person upon whom the notice should be served might appear, by serving a notice of his appearance on the person on whose behalf the notice mentioned in the Revised Statues was served, or upon his attorney. (Laws of 1855, 943–4.) And that would have been a mere absurdity, if the Code had abrogated that mode of proceeding. This statute prescribed and regulated other

changes which it was deemed desirable to make in the course of the proceedings, when they should be commenced by notice; and that never, certainly, would have been done, if the law conferring the power of taking them in that manner had not then been understood to be still in existence. Even if that had been the effect of the enactments contained in the Code, this statute would clearly have revived the pre-existing law, for without that being in force, the act of 1855 would be inoperative and senseless.

In 1860 an equally decisive indication was given of the legislative understanding of the existing validity of the provisions of the Revised Statutes relating to these proceedings. For it was then provided that *all the provisions* contained in the title of those statutes, which included them, as they were amended in 1848 and 1855, should apply as well to any *claim to an estate* for a term of years, not less than ten, in possession, reversion or remainder in any lands or tenements, as to a claim to an estate in fee, or for life therein. This statute applied all the provisions, including that relating to the commencement of the proceedings, by the service of notice, as well as the others contained in the title as it had been amended, with the same force and effect to the new case brought within its provisions, as they then applied to the cases previously mentioned. It then proceeded to provide for the judgment that should be recovered in the proceedings commenced pursuant to the provisions of the title as then amended. (Laws of 1860, 295, § 1.)

In 1864, after the trial of this cause, the statute was further amended, by rendering the proceedings applicable to married women, who had, before that time, been excluded from their operation and effect, and prescribing the manner in which the notice should be directed, and the manner and person upon whom service of it might lawfully be made. (Laws of 1864, 469.) This statute has not been referred to because it has any special application to the present case, but as an exhibition of the continued understanding of the legislature, that it was not intended by anything contained in the Code, to abro-

gate or repeal those provisions of the previous law, which provided for the commencement of proceedings for the determination of claims to real estate, by a mere notice.

But even if the proceeding was irregularly commenced by notice, the remedy of the defendant or party proceeded against, was by motion. By taking issue upon the allegations contained in the notice, as he did by his answer, he necessarily acknowledged himself to have been properly brought before the court.

Both the notice and the answer made to it by the defendant, showed the case to be a proper one for the proceedings taken to secure its adjudication. The defendant claimed a term for 10,000 years in the land described, on sales made of it for the non-payment of assessments. And that was an estate for a term of years, not less than ten, within the express terms used in the act of 1860. (Laws of 1860, § 1.)

When the issue was tried and disposed of, the successful party was entitled, as a part of his relief, to a judgment for costs. And that relief was properly given to him by the judgment recovered in the present case. (Laws of 1855, 944, § 7.)

The judgment should be affirmed.

All the judges concurring for affirmance, except GROVER, MASON and LOTT, JJ., who did not vote.

Judgment affirmed.