CORNELIA AUSTIN, Appellant, *v.* DAVID H. GOODRICH, Respondent.

One seeking to maintain an action under a statute must state specially every fact requisite to enable the court to judge whether he has a cause of action arising under the statute. A complaint in an action to compel the determination of claims to real property, under the provisions of section 449 of the Code, must show by its averments that plaintiff has been for three years in possession of the lands or tenements, and that both plaintiff and defendant claim an estate therein in fee, or for life, or for a term of years not less than ten.

Where the only allegation as to defendant's claim is, that he unjustly claims title to the premises, it is insufficient, and the complaint is demurrable.

(Argued April 22d, 1872; decided April 30th, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming an order sustaining defendant's demurrer to the complaint, and affirming judgment entered upon said order.

The action was to compel the determination of claims to certain real estate situate in the city of New York. The allegations in the complaint as to the respective claims were : " That the plaintiff has an estate in said premises in fee simple absolute; and she is now and has been in the actual possession thereof for more than three years last past, to wit, from the 3d day of March, 1864, to the date hereof; that the defendant unjustly claims title to said premises."

Defendant demurred that " the complaint does not state facts sufficient to constitute a cause of action."

*Thomas B. Browning* for the appellant. The facts to be

stated are those required by part 3, chapter 5, title 2, section 2, Revised Statutes. (*Hammon* v. *Tillotson*, 18 Bar., 333; *Hager* v. *Hager*, 38 Barb., 95.) It is not necessary for plaintiff to prove that defendant claims an estate in fee for life, and for years not less than ten; the claim is to be made by defendant. (*Barnard* v. *Lumus*, 42 Barb., 308; *Burnham* v. *Onderdonk*, 41 N. Y., 430.)

*Richard O'Gorman* for the respondent.

FOLGER, J. If the plaintiff has cause of action, it must arise out of the provisions of the statute. (2 R. S. 312, § 1, as amended, Laws of 1848, chap. 50, § 1.) She can have a cause of action, only when she or she and those whose estate she has, shall have been for three years in the actual possession of lands or tenements, claiming the same in fee or for life or for a term of years not less than ten. In stating her right of action, she must bring herself by the averment of her complaint, within some of these provisions. She must be shown by them to have been for three years in actual possession, claiming in fee or for life or a term of years not less than ten. Failing to do this, she fails to show any right to a standing in court as plaintiff in the action.

She can have a right of action against another, only when he makes a claim to an estate to such lands or tenements, in fee or for life or for a term of years not less than ten. In stating her right of action against him, she must bring him by the averments of her complaint, within some of these provisions. He must be shown by them to make a claim to an estate in fee or for life or for a term of years not less than ten, to such lands and tenements. Failing to do this, she fails to show any right to bring him into court to assert and make good his claim or be forever barred. If he makes claim other than as specified in the statute, and makes no claim as therein specified, she has no right to compel him to assert it and make it good or be forever barred.

Where one seeks to maintain an action under a statute, it

is a sound and well settled rule of pleading, that he must state specially every fact requisite to enable the court to judge, whether he has a cause of action arising under the statute. (*Bartlett* v. *Crozier*, 17 Johns., 438.)

The plaintiff seems to have relied on the provision of the Revised Statutes, specifying the contents of the notice which shall be served on the claimant. (2 R. S. 313, § 2, sub. 4.) But she has not taken her proceedings under the Revised Statutes. She has relied on them for a right to proceed. She has however, chosen to proceed under the Code of Procedure by action, as she may do. (Code, § 449.) Having done so, and served a summons and complaint, she is to be held to the rules which affect that mode. The complaint must show upon its face a cause of action, if it would not run the risk of a demurrer. If the plaintiff had served a notice under the Revised Statutes, the defendant if he made and had no claim, could have been still, without penalty; for the judgment against him would have been without costs. (2 R. S., 313, § 6.) In her complaint however, she asks judgment against him for costs, and so, though he have and make no claim, he must appear and defend to save himself from that harm. And being brought into court by her, whether he have and make a claim, or have and make no claim, he may answer or demur, as he sees fit. He has chosen to demur, in an action in which the pleadings are to be shaped by the rules of pleading. The complaint is found to be obnoxious to the fault imputed to it by the defendant's demurrer.

The judgment sustaining the demurrer should be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.