STEPHEN HAYNES, RESPONDENT, v. HORATIO G. ONDER-DONK, APPELLANT.

*Code,* § 449 — *determination of claims to real property* — *When action for, commenced* — *what must be proved in.*

An action for the determination of claims to real property, is to be deemed commenced, for the purpose of operating as constructive notice to purchasers from the defendant, from the time of the filing of the notice; but, as against a resident defendant, it is commenced when the summons is personally served, or delivered to an officer with the intent that it shall be actually served.

Where, upon the trial of such an action, it appears that the plaintiff was neither the owner, nor in possession of the premises in question, at the time of the commencement of the action, the complaint should be dismissed, with costs.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*H. G. Onderdonk,* for the appellant.

*D. P. Barnard* and *Morris & Pearsall,* for the respondent.

TALCOTT, J.:

This is an action commenced under section 449 of the Code, for the determination of claims to real property. The provisions of the section are, in substance, that cases falling within the provisions of the Revised Statutes on this subject may be prosecuted by action under the Code, without regard to the forms of proceeding prescribed by the Revised Statutes. This remedy, as

is held in *Burnham* v. *Onderdonk*,* does not at all abrogate or repeal the provisions of the Revised Statutes, relating to proceedings to compel the determination of claims to real property, in the manner and form therein prescribed, but merely affords another and cumulative remedy. When an action is commenced for such a purpose, no regard is to be had to the forms of the proceedings, prescribed by the Revised Statutes for obtaining relief in similar cases. This is expressly so declared by the section of the Code† which authorizes an action in such a case. It seems, therefore, inevitably to follow, that when the party resorts to an action in such a case, he subjects himself to all the rules of pleading and proceeding, which are incident to other actions, and is under the necessity of making and sustaining such allegations as are essential to the existence of his cause of action as in other cases; and that all or any of the facts which are requisite to enable him to commence and maintain the action, may be traversed and denied by the defendant, and will thereupon become material issues in the case. Such seems to have been the construction which the courts have put upon section 449, as is held amongst other cases, in *Peck* v. *Brown*‡ and in the very recent case of *Austin* v. *Goodrich*.§

This action is brought under the Code. In it the plaintiff seeks, and has obtained, a judgment against the defendant, barring the defendant and all persons claiming under him, by title accruing subsequent to the commencement of this action, from all claim to any estate of inheritance, or freehold, or for a term of years not less than ten, in possession, reversion or remainder, in and to the premises described in the complaint. To maintain the action, it is essential that the plaintiff should claim an estate in the premises, in fee or for life, or, by the amendment of 1848, "for a term of years not less than ten." And whether the plaintiff hath such an estate is material.‖ No such fact is found in this case, and the existence of any such fact, at the commencement of this suit, was conclusively disproved by the defendant under his answer, alleging that at the commencement of the suit, the plaintiff was neither the owner of, nor in possession of, the premises in question. We think, therefore, that the complaint should have been dismissed with costs,

* 41 N. Y., 425.      † § 449.      ‡ 26 How., 350.

§ 49 N. Y., 266.      ‖ Austin v. Goodrich, *supra*.

as in other actions, where the cause of action is not made out, but is disproved. Whatever may be true, under the provisions of the Revised Statutes on this subject, an action cannot be maintained where no cause of action exists. It seems that the plaintiff caused to be. filed a copy of the complaint and summons, with a notice of the pendency of the action, on the 12th day of August, 1869, the same day on which he conveyed away all his interest in the premises; and this, it would seem by his testimony, was with a view of being able to maintain this litigation in his own name, after having parted with his interest. But the filing of the summons and complaint was not the commencement of the suit for this purpose. Section 132 of the Code declares that, for the purpose of operating as constructive notice to purchasers, etc., from the defendant, the action shall be deemed pending from the time of the filing of the notice. For other purposes, an action is commenced against a resident defendant, when the summons is personally served, or delivered to an officer with the intent that it shall be actually served. The foregoing views, if correct, render it unnecessary to examine the question, whether the lien claimed by the defendant, was such an estate as authorized the commencement of the suit against him. It is possible that the legislature intended to authorize the litigation of the validity of tax sales upon the provisions of the acts in relation to the determination of claims to real property, but before we undertake to so hold, the question must be necessarily presented.

This judgment must be reversed, and a new trial ordered, costs to abide the event.

Present — BARNARD, P. J., TALCOTT and TAPPEN, JJ.

Judgment reversed, and a new trial ordered, costs to abide event.