EMILY FOWLER FORD, Appellant, *v.* AUGUST BELMONT
et al., Respondents.

One in actual possession of land for three years may maintain an action
under the Code (§ 449) to compel the determination of claims thereto ;
and evidence of the possession is sufficient to compel the defendant to
show his title.

But where the plaintiff in such an action shows only possession under an
unfounded claim of title, evidence of actual possession and occupation
by defendant prior to the entry by plaintiff is a sufficient defence.

(Argued April 19, 1877 ; decided May 22, 1877).

APPEAL from judgment of the General Term of the
Superior Court of the city of New York affirming a judg-
ment in favor of defendants, entered upon a decision of the
court on trial at Special Term.

This action was brought under section 449 of the Code to
determine the title to certain real estate situate in the city
of New York. The facts as found by the court were in
substance as follows:

In May, 1835, A. M. Bruen, one who was then seized and
possessed of said premises, executed a certain instrument
under seal, whereby he empowered one Matthew Saint Clair
Clarke to compromise certain claims, and to sell certain lands
including the premises in question, to enable him to carry
out such compromise. A compromise of the claims men-
tioned in such agreement was effected by Clarke, whereby
the claimants agreed to accept $200,000 in full satisfaction
of such claims. In the year 1835, Clarke agreed with Rob-
ert Dyson and Dunbar S. Dyson, that the two latter should
raise the sum so to be paid as such compromise, and that
Clarke in consideration thereof would allow them one-third
interest in such agreement, and said Dysons raised said sum.
In pursuance of such agreement, on the 7th of July, 1835,
by the assent of Clarke, the said Alexander M. Bruen con-
veyed the premises in question in fee simple to said Dunbar
S. Dyson. About the time of the execution of the last men-

tioned deed, the Dysons and Clarke executed an instrument under seal whereby they declared the terms upon which said D. S. Dyson held the said premises, which were in substance, that after paying the said sum of $200,000 with interest, and a premium paid for raising the money, the remainder of the money or lots unsold were to be divided, in the proportion of two-thirds to Clarke and one-third to said Dysons. In July, 1842, said D. S. Dyson presented a petition in order to obtain his discharge as a bankrupt; wherein he alleged that a certain schedule thereto annexed contained an accurate inventory of his property, rights and credits of every name and description, and the location and situation of each and every parcel and portion thereof. In such schedule is set down only one-third residuary interest in the premises conveyed by said Alexander M. Bruen to said Dyson, and reference is made to a note at the end of the schedule. Such note stated that Matthew St. Clair Clarke, of Washington city, was entitled to a remaining two-thirds interest arising from any excess after satisfying the amount of mortgage on such property which had been allowed said Clarke in accounting. In August, 1846, the official assignee in bankruptcy executed a deed purporting to convey one third of the premises to one Gordon L. Ford, in fee simple. On the 25th October, 1847, the said Gordon L. Ford made a deed to John L. Stephens, purporting to convey all his right, title and interest in the property. On the 21st January, 1848, the said John L. Stephens conveyed to Francis Griffin, all his right, title and interest to and in the said premises. On November 1st, 1848, the said Francis Griffin leased the premises in question, to Isaac F. Snow and James S. Anderson for ten years, and thereafter made a deed which was recorded November 9, 1849, purporting to convey to August Belmont, defendant herein, five equal undivided twelfth parts of the said premises. For the purpose of a marriage settlement, the said August Belmont subsequently conveyed the said five twelfths to Jeremiah Larocque, and thereupon a deed was made between the said Jeremiah Larocque of the first part, August

Belmont of the second part, Francis Griffin and John Home
of the third part, and the intended wife of said August Bel-
mont, of the fourth part, which deed purported to convey to
the parties of the second and third parts, the said five twelfths
interest in said premises.    This deed was recorded November
9, 1849.    By two deeds made and executed in 1851, the
said Francis Griffin reconveyed to John L. Stephens five
twelfths of the premises.    The said John L. Stephens died
after having devised all his property to Benjamin Stephens.
From 1852 down to November, 1858, Snow and Anderson,
the lessees from Francis Griffin, were in the actual possession
and occupation of the premises.    About February, 1859, a
partition deed was executed between the heirs of Benjamin
Stephens, as owners of five twelfths, the trustees of Mrs. Bel-
mont, as owners of five twelfths, and the devisee of Francis
Griffin, as owner of two twelfths in said premises in posses-
sion of which they had thus been through their said lessees
and, by said partition, the particular lots in controversy in
this action were set apart to the trustees of Mrs. Belmont.
From 1861 to 1865, the said lots in question were in the
actual occupation of one Carman McNulty, who had charge
of the premises on behalf of the trustees of Mrs. Belmont.
Down to the time of the trial of this cause, the defendant
August Belmont paid the taxes on the lots in question.    In
October, 1860, the same official assignee, pursuant to an order
of the court, conveyed to the present plaintiff for a nominal
sum all of said premises so conveyed to said D. S. Dyson
by said Bruen.    At the time of the commencement of
the action, plaintiff was in the actual possession of said prem-
ises, and had been in such actual possession during the whole
of the three years immediately preceding.

*John Townshend,* for the appellant.    Plaintiff being in pos-
session and having such possession as entitled her to maintain
the action, was not bound to prove any title.    ( *Barnard* v.
*Simms,* 42 Barb., 304; *Hager* v. *Hager,* 38 id., 96; Tyler
on Eject., 725, 74.)

*William W. MacFarland* for the respondents. Defendants having had undisturbed possession of the property for a long time prior to plaintiff's intrusion were entitled to a judgment for the recovery of the possession of it. (*Smith* v. *Lorillard*, 10 J. R., 338; *Jackson* v. *Livingston*, 7 Cow., 636; *Jackson* v. *Hardee*, 4 J. R., 202; *Jackson* v. *Bush*, 10 id., 223; *Jackson* v. *Graham*, 3 Cai., 188.)

RAPALLO, J. The plaintiff in her complaint sets forth her alleged source of title to the two lots of land in controversy in this action. That is a deed from the general assignee in bankruptcy.

The facts found in the case show clearly that this deed conveyed nothing to the plaintiff, and that she has no title whatever to the land in dispute, or any share or interest therein. She had, nevertheless, been in actual possession for three years, and that was sufficient to entitle her to maintain this proceeding, and compel the defendants to show their title.

They showed upon the trial that they and those under whom they claim, were in possession of the premises long before the plaintiff entered thereon. This was sufficient to overcome the mere possessory title shown by the plaintiff, and to entitle the defendants to recover the land.

The only point relied upon by the plaintiff in answer to this prior possession of the defendants is, that it appears from the findings that the defendants had a title to one-third part or share of a tract of land, embracing the premises in dispute. The case does not contain the evidence taken on the trial, and it does not appear on whose part this fact was proved. Neither does the case disclose what has become of the title to the other two-thirds, and there is nothing to show that they have not also become vested in the defendants by partition or otherwise. The fact is found that for a period of several years before the entry by the plaintiff under her unfounded claim, the premises had been in the actual possession and occupation of the defendants through their agent,

and such prior possession is a sufficient answer to the claim of an intruder. (*Smith* v. *Lorillard,* 10 J. R., 356.) There is nothing in the case which shows that the claim under which the defendants were in possession, was restricted to an undivided share.

The judgment should be affirmed.

All concur.

Judgment affirmed.