PETER R. WEILER, Appellant, *v.* GERTRUDE M. NEMBACK, Respondent.

*Court of Appeals, March,* 19, 1889.

Affirming 47 Hun, 166.

1. *Determination of claims to land. Infants.*—An action to compel the determination of a claim to real property is not maintainable against an infant.

See note at end of case.

2. *Same.* § *1638.*—§ 1638 is not repealed by § 1686 of the Code.

3. *Same. Repeal.*—General provisions, or the provisions of a general act, do not repeal a special provision or a special act, unless the intent to do so is expressed or was manifestly intended.

Appeal from a judgment of the general term of the supreme court, reversing an order overruling a demurrer to the complaint and directing the entry of an interlocutory judgment, and the interlocutory judgment entered upon such order.

*John D. Townsend,* for appellant.

*L. C. Waehner,* for respondent.

HAIGHT, J.—This action was brought to compel the determination of a claim to real property. The defendant is an infant. The question is as to whether the court has jurisdiction of the person of the defendant. The provisions of the Code under which the action is brought provide that " where a person has been, or he and those whose estate he has have been, for three years, in the actual possession of real property, claiming it in fee or for life, or for a term of years not less than ten, he may maintain an action against any other person, except a person who is, when the action is

commenced, an infant, an idiot, a lunatic, an habitual drunkard, or imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, to any estate in that property, in fee or for life, or for a term of years not less than ten, in possession, reversion or remainder. But this section does not apply to a claim for dower." Code Civ. Pro., § 1638.

No question is made but that under the provisions of this section, as it stands, the plaintiff cannot maintain the action. It is claimed, however, that the clause excepting infants has been repealed by section 1686 of the Code. That section is as follows: "Any action specified in this title may be maintained by or against an infant, in his own name," etc. Section 3355 provides that "for the purpose of determining the effect of the different provisions of this act with respect to each other, they are deemed to have been enacted simultaneously."

It, therefore, becomes our duty to construe them together so as to allow the provisions of both to stand, if the language of the different provisions is capable of such construction. In construing statutes the legislative intent must be our guide.

Section 1638 is a codification, with some amendments, of the Revised Statutes upon the subject. Under those statutes, proceedings were authorised for the determination of claims to real estate which were commenced by the service of a notice, but such notice could only be served upon persons who at the time were of full age, and not insane or imprisoned on any criminal charge or conviction. 3 R. S. (6th ed.), 580, § 3.

And in the case of Bailey *v.* Briggs (56 N. Y. 407), it was held that an action for the determination of claims to real property is not authorized against infant defendants under the provisions of the statute. The fact that the exceptions contained in the statute were incorporated into the provis-

ions of section 1638 of the Code would seem to indicate an intention upon the part of the legislature to continue them, unless a different intention is expressly stated or clearly inferred from the other provisions of the act. It must be borne in mind that the repeal of a statute by implication is not favored in the law, and when both the latter and former statute can stand together, both will stand, unless the former is expressly repealed, or the legislative intent to repeal it is very manifest. People *ex rel.* Kingsland *v.* Palmer, 52 N. Y. 83-88.

Is such intention expressed or clearly inferred from the provisions of section 1686? That section is speaking of all the cases embraced in the title of which it is a part, in many of which actions may be brought by or against infants. As to all such cases the provisions of the act clearly apply. But if we are to construe it in connection with the former section of the same title, we must hold that it has no application to actions provided for in the title wherein the express provisions authorizing such actions except those under age at the time the action was brought. Section 1686 of the Code does not give a right of action. It only provides that it may be maintained by or against an infant where the right of action is given by other provisions of the title, and under section 1638, no right of action is given for the determination of a claim to real property, against an infant defendant.

Again, the title of the Code under consideration contains nine articles; one for the recovery of real property; others for partition, dower, foreclosing of a mortgage, for waste, for nuisance, and so on, among which is the article to compel the determination of a claim to real property. The last article is headed by these words : " Provisions applicable to two or more of the actions specified in this title." Then follow general provisions, among which is section 1686. Section 1638 is the first section appearing under the article providing for actions to compel the determination of claims

to real property, and when its provisions were framed and adopted attention was, of necessity, called to the just requirements of that form of action. The provisions of section 1686, being general and made applicable to many causes of action, the attention of the legislature would not necessarily be so sharply drawn to the requirements of any one of the particular forms of action provided for.

We think the provisions are consequently brought within the general rule, which is, that general provisions or the provisions of a general act do not repeal special provisions or a special act unless the intent to so repeal is expressed or was manifestly intended. In the Matter of Evergreens, 47 N. Y. 216.

The judgment should be affirmed.

All concur.

### NOTE ON "DETERMINATION OF CLAIM TO REAL PROPERTY."

The Revised Statutes provided a special proceeding for the determination of claims to real estate. The proceeding had many of the incidents of an action, particularly as amended by chap. 511 of 1855. Fisher *v.* Hepburn, 48 N. Y. 41.

§ 449 of the former Code provided as follows: "Proceedings to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, may be prosecuted by action, under this act, without regard to the forms of the proceeding as they are prescribed by that statute." This section was permissive and gave a party a choice of remedies by action under that Code, or by special proceeding under the Revised Statutes. Id.; Hammond *v.* Tillotson, 18 Barb. 332; Mann *v.* Provost, 3 Abb. 446; Beck *v.* Brown, 36 How. 350; Burnham *v.* Onderdonk, 41 N. Y. 425.

An action to compel the determination of claims to real property was within the jurisdiction of the supreme court. In such action, it was the duty of the court to determine the questions as to whether the plaintiff was entitled to the relief sought, and whether the relief should have been sought in an action, or in proceedings under the Revised Statutes. Fisher *v.* Hepburn, *ante.* An error in deciding these questions did not affect the question of jurisdiction, and the decision of the courts thereon could not

be reviewed collaterally. Id. Where such an action was commenced, a defendant, by appearing and taking part in the proceeding to judgment without objection, was held to have waived any objections to the regularity of the proceedings, and could not thereafter object that the proceedings should have conformed to the provisions of the Revised Statutes as amended.

Where there are different claimants, each claiming distinct parcels of the real property in question, but all denying plaintiff's right upon the same ground and claiming title from the same source, it is proper to join them as defendants in the same action or proceedings. Id.

The Code, as enacted in 1848, made no provision respecting the determination of the claims to real property to which title section 2, chap. 5, part 3, of Revised Statutes related. Burnham v. Onderdonk, *ante*. But, in 1849, a section was inserted in the Code, which reads as follows: "Proceedings to compel the determination of claims to real property, pursuant to the provisions of the Revised Statutes, may be prosecuted by action under this act, without regard to the form of the proceedings as they are prescribed by those statutes."

Shortly after this section was introduced into the former Code, it was held that, notwithstanding the express language thereof, there was so great difficulty in adapting the proceedings in an action to the proceedings contemplated by the statute, that the Code was in this respect held impracticable, and an attempt to commence the proceedings by summons and complaint was set aside. Crane v. Sawyer, 5 How. 372. But in 1854, the supreme court held, in Hammond v. Tillotson, *ante*, that these objections were not insuperable, and that the action might be brought by summons for the purpose of determining such claims. Such an action was held regular, if the summons required an answer in twenty days.

The language of the section taken literally, was plainly permissive and not imperative. No reason existed for deeming the Code enactment a repeal of the statute mode of conducting the proceeding. Burnham v. Onderdonk, *ante*. An action under the Code was a cumulative remedy. Id.; Barnard v. Simms, 42 Barb. 304.

The statute only authorized a judgment which should bar the defendant of all claim to any estate of inheritance or freehold, or for a term of years not less than ten. If the defendant made no such claim, his appearance and answer were unnecessary. The statute, as amended in 1865, did not warrant an appearance for the mere purpose of disclaiming. Burnham v. Onderdonk, *ante*.

If plaintiff was mistaken, and the defendant neither had, nor claimed to have, a claim of title which would, under the statute, be barred, if he did not appear and assert it, the latter was not called upon to appear and assert it at all, because no judgment to his prejudice was authorized. This statute did not authorize him to put the plaintiff to expense by appearing and putting in a disclaimer. The design of the statute was, to clear up doubtful or uncertain claims, and make the

title free, and not to invite litigation by a defendant who, disclaiming such claims, might submit to judgment. Id.

But, on the other hand, if the defendant had a claim which was within the statute, or which was of such a nature as would, or might be, prejudiced by a judgment barring him in the terms of the statute, or even a claim upon which he desired to insist, that its existence furnished no warrant for instituting the proceedings at all, he must prove it. Id.

Where the person upon whom such notice is served under the statute, claims to hold a certificate of sale of the premises, for the term of ten thousand years, for non-payment of municipal assessments, he is a claimant of an estate for a term of years not less than ten, within the meaning of the statute, and can be proceeded against thereunder. Id.

In Brown *v.* Leigh, 49 N. Y. 78, it was held that, in actions brought to compel the determination of claims to real property under § 449 of the former Code, the same right to amendment of pleadings existed as in other actions, authorized by the Code.

An action to compel the determination of claims to real estate must arise out of the provision of the statute. A party can have a cause of action only when he, or he and those whose estate he has, shall have been for three years in the actual possession of lands or tenements, claiming the same in fee or for life or for a term of years not less than ten. Austin *v.* Goodrich, 49 N. Y. 266. In stating his right of action, he must bring himself by the averment of his complaint, within some of these provisions. He must be shown by them to have been for three years in actual possession, claiming in fee or for life or a term of years not less than ten. Failing to do this, he fails to show any right to a standing in court as plaintiff in the action. Id.

He can have a right of action against another, only when the latter makes a claim to an estate in such lands or tenements, in fee or for life or for a term of years not less than ten. Id. In stating his right of action against the defendant, he must bring the latter by the averments of the complaint, within some of these provisions. The defendant must be shown by them to make a claim to an estate in fee, or for life or for a term of years not less than ten, to such lands and tenements. Failing to do this, the plaintiff fails to show any right to bring the defendant into court to assert and make good his claim or be forever barred. Id. If the defendant makes claim other than as specified in the statute, and makes no claim as therein specified, the plaintiff has no right to compel him to assert it and make it good or be forever barred. Id.

Where one seeks to maintain an action under a statute, it is a sound and well-settled rule of pleading that he must state specially every fact requisite to enable the court to judge whether he has a cause of action arising under the statute. Id.; Bartlett *v.* Crozier, 17 John. 438.

Note on "Determination of Claim to Real Property."

Where the only allegation as to defendant's claim is, that he unjustly claims title to the premises, it is insufficient, and the complaint is demurrable. Austin v. Goodrich, ante.

In Davis v. Read, 65 N. Y. 566, it was held that a defendant in an action under the Code to determine claims to real property, who claimed no interest in the property, in order to save himself from liability, must appear and disclaim. When this was done, the burden of establishing the fact of his making a claim was upon the plaintiff, and, in the absence of evidence showing this, a judgment against the disclaiming defendant was error. Id. The distinction between proceeding under the Revised Statutes for the determination of claims to real property and an action under the Code, is shown by the following cases, viz. : Austin v. Goodrich, ante ; Burnham v. Onderdonk, ante ; Fisher v. Hepburn, ante.

§ 449 of the former Code permitted the prosecution by action of proceedings to compel the determination of claims to real property. But they must have been in pursuance of the provisions of the Revised Statutes. Bailey v. Briggs, 56 N. Y. 407. The only change effected by this section is that the proceedings were carried on by complaint and answer; and otherwise as in an action, so far as the form and manner of proceeding were concerned. But the substance of the proceeding was the same. Id. ; Austin v. Goodrich, ante; Brown v. Leigh, ante ; Burnham v. Onderdonk, ante.

The complaint in such action must allege that the defendant unjustly claims title to the premises. This was a requirement of the statute as potent as any other. Bailey v. Briggs, ante. It must either pray judgment, or otherwise notify the defendant, or apprise him in some way, that unless he appears and asserts his claim he will be forever barred. Id. A prayer for judgment for a construction of certain clauses in a will, under which both the plaintiff and defendant claim title from the same testator, and for a construction thereof, is not the explicit notice required by the statute. It does not characterize the action and complaint, as would a specific prayer for judgment, in accordance with the provisions of the statute. Id.

One in actual possession of land for three years might maintain an action under section 449 of former Code. Ford v. Belmont, 69 N. Y. 567. Evidence of possession is sufficient to compel defendant to show his title. Id. But, where the plaintiff in such action shows only possession under an unfounded claim of title, evidence of actual possession and occupation by defendant prior to the entry by plaintiff is a sufficient defense. Id.

§ 1639 of the Code prescribes what the complaint must set forth in actions for the determination of claims to real property. Subd. 3 is as follows : "That the defendant unjustly claims an estate therein specified in the last section." A complaint containing the following language, viz. : "That the defendant unjustly claims an estate in these premises in fee or for life, or for a term of years not less than ten

years, or in reversion or remainder, by virtue of a lease or conveyance made by said parties, Watertown & Sachett's Harbor R. R. Co., which said lease or conveyance, and all rights thereunder, the defendant, the Rome, Watertown & Ogdensburg R. R. Co., now claims to own," sufficiently complies with this provision of the statute. Phillips *v.* R. W. & O. R. R. Co., 55 Hun, 612.

In this case, upon the trial, no motion for a nonsuit or to dismiss the plaintiff's complaint was made, when he tested, nor at the close of the evidence.

In Davis *v.* Read, *ante*, some of the defendants appeared and disclaimed, but as to them it was held that an issue was raised, which threw the burden upon the plaintiff of establishing the fact of their claim, and, as no evidence had been given thereon, the complaint should have been dismissed as to them, with costs. In Phillips *v.* Rome, W. *v.* O. R. R. Co., *ante*, no such disclaimer was made by the pleadings, nor by any position taken upon the trial. And it was held that it would be assumed that the defendants made claim to the property in question, and that it cannot be heard on appeal to raise the objection that no proof was given by the plaintiff as to his claim. See Fisher *v.* Hepburn, *ante;* Davis *v.* Read, *ante;* Barnard *v.* Simms, *ante.*

By § 1645 of the Code of Civil Procedure, it is provided that the final judgment " must be to the effect that the defendant and every person claiming under him by title accruing after the filing of the judgment roll, or of the notice of the pendency of the action . . . . . be forever barred from all claim to any estate of inheritance, or for life or for a term of years not less than ten in the property."

The object of these proceedings is to compel the determination of claims to real property and quiet the title. Barnard *v.* Simms, 42 Barb. 304. To enable a person to institute and maintain them, he, or those whose estate he has, must have had the actual possession for three years, claiming the same in fee, for life, or for a term of years not less than ten. If the person served with the notice did not appear after the time specified therein, and upon due proof of the service, the court was to render judgment that the person upon whom the notice was served, and all persons claiming under him by title accruing subsequently to the service of the notice, shall be forever barred from all claims to any estate of inheritance or freehold, or of a term for years not less than ten, in the premises mentioned in the notice. Id. If he appeared and answered, he might take issue upon the question of the three years' possession under the claim of title. The issue was to be tried as in other personal actions, and the successful party was entitled to judgment for such relief as he was entitled to, with costs as in other personal actions under the Code. The person serving the notice was to be deemed the plaintiff, and the person upon whom it was served was to be denominated the defendant. The latter might set forth the title claimed by him in the premises. This was to be tried and determined in the same way. A judgment obtained by either

party was conclusive against the other party as to the title established in such action or proceeding, and also against all other persons claiming under such party by title accruing subsequent to the service of the notice. Id. Provision was also made, where the title established by the defendant was an estate in remainder or reversion, that he was not to be required to establish an immediate right of possession. The time when he was entitled to such possession was to be specified in the verdict or report, and the judgment entered thereon. Id.

When a person was made a party and appeared and answered a proceeding of this kind, the plaintiff was not bound to show that the defendant claimed or pretended to claim one of the estates in the land, mentioned in the statute, in the first instance. Id. If the defendant had a title, he was bound to produce and prove it. The plaintiff was not required to show anything beyond the three years' possession, under a claim to one of the three estates named, if it was disputed and put in issue by the answer. Id. By the ninth section of the original act, when the person served with the notice appeared and claimed title, he was to proceed against the person serving the notice, by the service of a declaration in ejectment, and thereupon he became the actor and plaintiff in the action. This ninth section was repealed by the act of 1855. His title, subsequently, was to be tried upon the answer and the replication thereto. In respect to such title, he still remained the actor, and was bound to prove it upon the trial. Id.

The court, under these proceedings, could take cognizance of claims to three estates only; estates in fee, for life, and for a term of years not less than ten. It was not intended that all controversies and claims to land should be settled thereby. The plaintiff must allege and show that he claimed one of the three estates, to maintain his status in court. And so the defendant must show that his title was one of the three referred to, or he could not have judgment in his favor. Id. The statute concluded him upon no other claim or title. If he was a judgment creditor, or mortgagee out of possession, or if he claimed an equitable interest in the land as *cestui que trust*, or as purchaser under an executory contract, or by any other equitable interest, or inchoate or incomplete right, he was under no necessity of appearing and setting up his interest in the lands. As he had no title which the court could take cognizance of under the proceedings, the court could render no judgment which would conclude or prejudice him in asserting his interest at some future time. He could not appear as he once could (under the eighth section of the original act, which was repealed by the act of 1855), and disclaim and have judgment· of discontinuance, with costs, in his favor. Id. If his claim or interest was of that kind of which the court could not take judicial cognizance, he lost nothing, and could not be prejudiced by any default taken against him for his non-appearance upon the notice. Id.

The provisions of the present Code in relation to the determination of claims to real property, provide that "where a person has been, or

he and those whose estate he has, have been for three years in the actual possession of real property claiming it in fee or for life, or for a term of years not less than ten, he may maintain an action against any other person, except a person who is, when the action is commenced, an infant, an idiot, a lunatic, an habitual drunkard, or in prison on a criminal charge, or an execution upon conviction of a criminal offence, to compel the determination of any claim adverse to that of the plaintiff, which the defendant takes, to any estate in that property in fee or for life, or for a term of years not less than ten, in possession, reversion, or remainder. But this section does not apply to a claim for dower. § 1638 of Code. Under the provisions of this section, as it stands, an action to compel the determination of a claim to real property is not maintainable against an infant. Weiler *v.* Nemback, 114 N. Y. 36. The clause excepting infants has not been repealed by § 1686 of the Code. That section reads as follows: "Any action specified in this title may be maintained by or against an infant in his own name," etc. § 1638 is a codification, with some amendments, of the Revised Statutes upon the subject. Under those statutes, proceedings were authorized for the determination of claims to real estate which were commenced by the service of a notice. Such notice could only be served upon persons who at the time were of full age, and not insane or imprisoned on any criminal charge or conviction. Id.

In the case of Baily *v.* Briggs, *ante*, it was held that an action of this character was not authorized against infant defendants under the provisions of the statute. The fact that the exceptions contained in the statutes were incorporated into the provisions of § 1638 of the Code, would seem to indicate an intention, upon the part of the legislature, to continue them, unless a different intention is expressly stated, or clearly inferred from the other provisions of the act. The repeal of a statute by implication is not favored in the law. When both the latter and former statutes can stand together, both will stand, unless the former is expressly repealed, or the legislative intent to repeal it is very manifest. See People *ex rel.* Kingsland *v.* Palmer, 52 N. Y. 83.

§ 1686 is speaking of all the cases embraced in the title of which it is a part, in many of which, actions may be brought by or against infants. As to all such cases, the provisions of the act clearly apply. But it has no application to actions provided for in the title wherein the express provisions, authorizing such action, except those under age at the time the action was brought. § 1686 of the Code does not give a right of action. It only provides that it may be maintained by or against an infant where the right of action is given by other provisions of the title. Under § 1638 of the Code, no right of action is given for the determination of a claim to real property against an infant defendant.

The Revised Statutes prohibited the institution of these proceedings against a person not of full age, or insane or imprisoned on any crimi-

nal charge or conviction. By the enactment of § 1638 of the present Code, the legislature exhibited an intention, not only not to restrict prohibition contained in the Revised Statutes, but actually to enlarge it so as to include within the prohibition idiots and habitual drunkards, it thus indicated an intention to allow this class of actions to be commenced only in those cases in which a party proceeded against was in a condition to defend himself. Weiler *v.* Nemback, 47 Hun, 166.

It did not intend, by § 1686 of the Code, to remove that protection from an infant, which it was so careful to provide for in § 1638, and leave him subject to assaults upon his property, while such protection still continued as to the drunkard and criminal. No reason can be assigned for protecting the latter persons, who place themselves under disabilities because of their own acts, and leaving the infant, helpless because of no fault of his own, without any shield whatever. Id.

A complaint, alleging seizin in the plaintiff and actual possession of the property in question for upwards of three years next previous to the commencement of the action, contains appropriate allegations to bring the case within the provisions of §§ 1638, 1639 of Code. Pearce *v.* Moore, 114 N. Y. 256.

In an action, brought under the statute to determine claims to real property, if the plaintiff fails to prove possession, the defendant may have the complaint dismissed. Benson *v.* Townsend, 54 Hun, 634. But to have a judgment in his favor, he must prove his own title. Id.

In an action to compel the determination of adverse claims to real estate, of which plaintiff is in possession claiming to own the fee, an injunction *pendente lite* under §§ 603, 604 of the Code, will be granted against defendants, who have brought ejectment suits against plaintiff affecting such lands, restraining all proceedings in any of such suits until the final determination of the action. Cuthbert *v.* Chauvet, Sup. Ct. Mar., 1891, aff'd at Gen. Term, Apr., 1891. In Stamm *v.* Bostwick, 65 How. 358, where an action was brought under the same Code provisions, an injunction was granted, where there was danger of the plaintiff's possession being unlawfully disturbed.

The form of action specially provided by these provisions of the Code has characteristics of both law and equity procedure. § 1643 mentions a verdict, report or decision, thus permitting a disposition by either branch of the court. Cuthbert *v.* Chauvet, *ante.* In this view, an injunction *pendente lite* may be granted under averment of existent and present litigation. The plaintiff in his complaint may demand a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff. If the case proceeds as one in equity, the relief would. be appropriately included in the decree; and if under § 1642, as one at law, it would be omitted, as the judgment provided by the provision is sufficient. This course of procedure cannot be determined until issue shall be joined. The action is in equity, until an issue of fact shall be joined, when the statute procedure will assimilate to one at law. In the latter event, the trial will be before a jury, and, by § 1646,

the unsuccessful party is entitled to a new trial within the same time and under the same circumstances as in ejectment. Id. If no issue of fact shall be joined, the trial is before the court, without a jury, and results in the report or decision mentioned in § 1643 of the Code. Id. With the mode thus provided to determine finally the rights and claims common to all in one action, it would be unjust to permit the institution and prosecution of many independent suits involving the same question and entailing into lerable burdens of labor and expense. Id.

In Stamm v. Bostwick, ante, an action was brought under the authority of § 1638 of the Code. And it was held that it is clearly contemplated by the provisions of this section that the plaintiff should be continued in the possession of the property during the pendency of the action; and that, for this reason, where there is danger of his possession being unlawfully disturbed or molested in the meantime, an injunction may be issued under § 608 of the Code, as the case will then be one where the disturbance of his possession during the pendency of the suit would produce injury to him.

§ 1639 of the Code requires the complaint to set forth facts showing the plaintiff's right to the land, etc., and showing that the defendant unjustly claimed an estate therein of the character specified in the last section. Brown v. Teel, 59 Hun, 91. In Austin v. Goodrich, ante, a demurrer to a complaint in a similar action was sustained because, among other grounds, no facts were stated showing that the defendant unjustly claimed title. When a statute requires the complaint to state facts showing that defendant unjustly claims a certain estate, it is not a compliance with the statute simply to allege that the defendant unjustly claims an estate, without alleging any facts showing such claim. Brown v. Teel, ante.