## HAYNES v. ONDERDONK.

*Action — in relation to claims to real property — form of — section 449 of Code does not abrogate provisions of Revised Statutes — estate required to maintain — allegations and proof— When action commenced.*

The provision of section 449 of the Code in relation to the determination of claims to real property, does not abrogate or repeal the provisions of the Revised Statutes relating to the same subject; but when an action is commenced for that purpose, no regard is to be had to the forms of proceedings prescribed by the Revised Statutes, and a party resorting to the action subjects himself to all the rules of pleading and proceeding, incident to other actions, and must make and sustain all allegations essential to his cause of action.

In such an action it is essential that the plaintiff should claim, and it is material he should have an estate in fee for life or for a term of years not less than ten and where no such fact was found and the answer alleged that plaintiff was not the owner nor in possession of the premises in question, *held* that the complaint should be dismissed.

The filing of a summons and complaint is the commencement of an action in relation to real estate, only for the purpose of operating as constructive notice to purchasers, etc., from the defendant, and for no other purpose.

APPEAL by defendant from a judgment in favor of plaintiff upon a trial by the court.

The action was brought in Kings county by Stephen Haynes against Horatio G. Onderdonk, to determine a claim by defendant to certain real property belonging to, and in possession of plaintiff. The complaint alleged that the plaintiff had been in actual possession of the premises under a deed from a former owner for more than three years before the commencement of the action " that the defendant unjustly claims title to said premises, or some part thereof, for a term of years, not less than ten, or some other estate of inheritance or freehold therein." The plaintiff asked judgment that the defendant and all persons claiming under him by title accruing subsequent to the commencement of the action " be forever barred from all claim to any estate of inheritance of freehold," etc., to said premises.

The defendant, in his answer, alleged "that he has not and does not claim to have any title to the lands mentioned in the complaint ; that he has no interest therein or claim thereon, other than such as is founded upon or created by the certificates

and sales hereinafter mentioned; that whatever interest in or claim or lien upon said lands he has or may have is not an estate in fee, or for life, or for a term of years, in possession, reversion, or remainder; and that the same is not a claim to lands within part 3, chapter 5, title 2, of the Revised Statutes, entitled, 'Proceedings to compel the determination of claims to real property;'" that he was the holder of certain certificates of sale of the premises in question for the non-payment of taxes executed by the collector of taxes and assessments of the city of Brooklyn; each of said certificates being for the sale of said premises for the term of about a thousand years; "that the said premises have never been conveyed to him;" that the certificates were a mere lien on the premises, and "that at the time of the commencement of this action the plaintiff was not the owner of the property described in the complaint, and was not in possession claiming an estate in fee for life or for a term of years."

Such other facts as are material sufficiently appear in the opinion.

*Esek Cowen*, for appellant.

*Morris & Pearsall* and *D. P. Barnard*, for respondent, cited as to the estate of the defendant *Jackson* v. *Bull*, 1 Johns. Cas. 81; *Heath* v. *Ross*, 12 Johns. 140; *Jackson* v. *Dickenson*, 15 id. 309; *Jackson* v. *Ramsay*, 3 Cow. 75; *Van Alstine* v. *Wimple*, 5 id. 162; *Evertson* v. *Sawyer*, 2 Wend. 507; *Klock* v. *Cronkhite*, 1 Hill, 107; *Railway Co.* v. *Prescott*, 16 Wall. 603; *Stark* v. *Starrs*, 6 id. 402.

TALCOTT, J. This is an action commenced under the 449th section of the Code, for the determination of claims to real property. The provisions of the section are in substance that cases falling within the provisions of the Revised Statutes on this subject may be prosecuted by action under the Code without regard to the forms of proceeding prescribed by the Revised Statutes. This remedy, as is held in *Burnham* v. *Onderdonk*, 41 N. Y. 425, does not at all abrogate or repeal the provisions of the Revised Statutes relating to proceedings to compel the determination of claims to real property, in the manner and form therein prescribed, but merely affords another cumulative remedy. When an action is commenced for such a purpose, no regard is to be had to the forms of proceedings prescribed by the Revised Statutes for obtaining relief in similar

cases. This is expressly so declared by the section of the Code (§ 449), which authorizes an action in such a case. It seems, therefore, inevitably to follow that when the party resorts to an action in such a case, he subjects himself to all the rules of pleading and proceeding which are incident to other actions, and is under the necessity of making and sustaining such allegations as are essential to the existence of his cause of action as in other cases, and that all or any of the facts which are requisite to enable him to commence and maintain the action, may be traversed and denied by the defendant, and will thereupon become material issues in the case. Such seems to have been the construction which the courts have put upon the 449th section; as is held amongst other cases in *Peck* v. *Brown,* 26 How. 350, and in the very recent case of *Austen* v. *Goodrich,* 49 N. Y. 266.

This action is brought under the Code. In it the plaintiff seeks and has obtained a judgment against the defendant, barring the defendant and all persons claiming under him, by title accruing subsequent to the commencement of this action, from all claim to any estate of inheritance, or freehold, or for a term of years not less than ten, in possession, reversion, or remainder in and to the premises described in the complaint. To maintain the action it is essential that the plaintiff should claim an estate in the premises in fee or for life, or by the amendment of 1848, "for a term of years not less than ten." And whether the plaintiff hath such an estate is material. *Austen* v. *Goodrich, supra.* No such fact is found in this case, and the existence of any such fact at the commencement of this suit was conclusively disproved by the defendant under his answer alleging that at the commencement of the suit the plaintiff was neither the owner of nor in possession of the premises in question. We think, therefore, that the complaint should have been dismissed with costs, as in other actions where the cause of action is not made out but is disproved. Whatever may be true under the provisions of the Revised Statutes on this subject, an action cannot be maintained where no cause of action exists.

It seems that the plaintiff caused to be filed a copy of the complaint and summons with a notice of the pendency of the action on the 12th day of August, 1869, the same day on which he conveyed away all his interest in the premises, and that, it would seem by his testimony, was with a view of being enabled to maintain this litigation in his own name after having parted with his interest. But

the filing of the summons and complaint was not the commencement of the suit for this purpose. Section 132 of the Code declares that, for the purpose of operating as constructive notice to purchasers, etc., from the defendant, the action shall be deemed pending from the time of the filing of the notice. For other purposes an action is commenced against a resident defendant when the summons is personally served or delivered to an officer with the intent that it shall be actually served.

The foregoing views, if correct, render it unnecessary to examine the question whether the lien claimed by the defendant was such an estate as authorized the commencement of the suit against him. It is possible that the legislature intended to authorize the litigation of the validity of tax sales under the provisions of the act in relation to the determination of claims to real property, but before we undertake to so hold the question must be necessarily presented.

The judgment must be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*