## BOYLSTON v. WHEELER.

*Action — in relation to claims to real property — form of — Code, § 449, does not abrogate provisions of Revised Statutes — claim of defendant — Former recovery*

The action provided by section 499 of the Code for the determination of claims to real property is not a substitute for proceedings under the Revised Statutes for that purpose, but the right to institute those proceedings is left unimpaired, and the remedy by action is another and additional remedy to be adopted by a party at his election. But when an action is commenced the forms of proceedings under the Revised Statutes are no longer to be regarded, but the action is governed by the rules applicable to other actions, and the plaintiff must aver and prove his cause of action as in other cases.

In such an action it is essential that plaintiff should allege and prove, if the allegation is denied, that defendant unjustly claims title to the premises in question in fee for life or for a period exceeding ten years.

The rule that no party should be twice vexed by action at law for the same cause, *held*, applicable to an action for the determination of claims to real estate.

APPEAL by defendant from a judgment in favor of plaintiff in an action tried by the court without a jury.

The action was brought in Kings county by Ann J. Boylston against Andrew S. Wheeler to determine an alleged claim by defendant to certain real estate owned by and in possession of plaintiff. The complaint alleged among other things "that plaintiff has a right to the premises as the owner thereof; that her estate therein is in fee," and set forth the source of title "that the said premises now are, and for the three years preceding hereof, have been in the actual possession of the plaintiff, and those from whom she derives title; that the said defendant unjustly claims title to said premises and an estate therein for a term exceeding ten years, and he claims the possession of said premises for such term." The plaintiff asked judgment that defendant be barred from all claim to any estate therein, etc.

The answer denied each and every allegation in the complaint, and for a separate defense set up the recovery of two former judgments for the same cause of action, and for a further defense in bar that neither plaintiff nor those whose estate she has were in actual possession for three whole years before the commencement of the action.

The claim by defendant was of the same nature as that in the case of *Haynes* v. *Onderdonk, ante,* page 176,. viz., a certificate of sale for the non-payment of water rates. Other facts sufficiently appear in the opinion.

*A. H. & W. E. Osborn,* for appellant.

*D. P. Barnard,* for respondent, cited *Overing* v. *Foote,* 43 N. Y. 290; *Walrod* v. *Ball,* 9 Barb. 271; *People* v. *Arnold,* 4 N. Y. 508; Gilbert on Tenures (4th ed.), 370; *Jackson* v. *Sellick,* 8 Johns. 267; *La Frombais* v. *Jackson,* 8 Cow. 617.

TALCOTT, J. This is an action commenced under section 449 of the Code to compel the determination of claims to real property. It is settled, as we understand it, that such an action is not a substitute for proceedings under the Revised Statutes, but that the right to institute those proceedings is left unimpaired and in full force, and that the remedy by action is another and additional or cumulative remedy, to be adopted by a party at his election. *Burn-*

*ham* v. *Onderdonk,* 41 N. Y. 425. When the party avails himself of the right to commence an action, in such a case the forms of proceeding under the Revised Statutes are no longer to be regarded, and in no respect control the forms of pleading or the proceedings in the action, but the action is governed by the rules applicable to other actions. The plaintiff must aver and prove his cause of action as in other cases, and all allegations essential to the cause of action are traversable and may be put in issue by the pleadings. *Peck* v. *Brown,* 26 How. 350; *Austin* v. *Goodrich,* 49 N. Y. 266. We have so held in the case of *Haynes* v. *Onderdonk, ante* p. 176, decided at the present term of the court.

It is unquestionably essential to the maintenance of such an action that the plaintiff should allege, and prove, if the allegation is denied, that the defendant unjustly claims title to the premises in question, in fee, for life, or for a period exceeding ten years. Accordingly the complaint in this action alleges that the defendant unjustly claims an estate in the premises described for a term exceeding ten years. By the provisions of the Code an answer may contain a general or specific denial of each material allegation in the complaint. Such a denial is contained in the answer in this case, for by it, the defendant, amongst other things, denies each and every allegation in the complaint contained.

This, upon the principles governing actions, threw upon the plaintiff the *onus* of establishing that the defendant made some claim to an estate in the premises or some part thereof for a term exceeding ten years. Was such proof made ? Clearly not. The plaintiff introduced sundry papers referring to different portions of the premises, of which the case contains a specimen showing the form of each. It is as follows :

"BROOKLYN, *October* 17, 1872.

" Please take notice that I hold certificate of sale for non-payment of regular water rates for 1869, upon property on the south side of Flushing avenue, between Nostrand and Marcy avenues. Recorded in the office of the Nassau Water Department, in Register 8, Nos. 2,502, 2,504, and 2,505. You are required to redeem the same within the time allowed by law, or the sale will become absolute.

"A. S. WHEELER, *Purchaser,* 377 Fulton street, directly opposite the city hall, room No. 5 ; office hours 9 to 12 A. M.

"To Mrs. A. J. BOYLSTON."

Waiving the question whether this notice, if shown to have been given by the defendant, would prove the fact that the defendant did claim thereby any estate in the premises described, or any part thereof in fee, for life, or for a term not less than ten years, it seems to be clear that there was no sufficient evidence that the defendant ever gave such notice or had any knowledge of it. This paper, if it is to be the foundation and cause of an action against the defendant, especially to charge him with setting up an illegal and unjustifiable claim to the estate of another party, should be proved to have emanated from the defendant, by at least as strong evidence as would be sufficient to charge the defendant if the paper in question was claimed to be the promissory note, or other contract of the defendant. No such evidence was given. No attempt was made to prove the genuineness of the notice. All that the witness was enabled to testify on the subject was, that the papers appeared to be papers from the defendant's place of business, and that he presumed that they came from the office of the defendant. This testimony or its equivalent might have been truthfully given by any of the bystanders, who had never before seen or heard of the defendant, and upon a simple inspection of the paper.

When we consider that this is not a proceeding under the Revised Statutes, where the defendant could not be barred of any title or claim, except it fell precisely within the statutory description of the estate which it is necessary the defendant should claim, in order to authorize the proceedings, and where as stated by WOODRUFF, J., in *Burnham* v. *Onderdonk, supra,* if the estate claimed did not fall within the description, the proceeding would be innocuous, but that the judgment sought in this action is the judgment of a court of general jurisdiction, to take cognizance, not only of adverse claims to real estate, but of clouds upon and other embarrassments affecting the title to lands, and that the parties to the action are conclusively bound by the judgment until it is reversed, we cannot but feel the propriety and necessity in regard not only to pleading, but evidence, of adhering to the well-settled rules applicable to actions at law. And we are of the opinion that the plaintiff gave no evidence, that the defendant made any claim to an estate in fee, or for life, or for a term not less than ten years, in the premises in question, sufficient to put the defendant upon proof of his title, and that the exception of the defendant on that ground was well taken.

We do not see what the former judgments had to do with this case, except as they established the title and possession of the plaintiff at the time of the recovery thereof. If it be true that the claim of title by the defendant, is the same claim of title litigated in the former suits, as to which the case is not precisely intelligible to us, it would seem to be clear that no other action can be maintained against the defendant for the same cause. As to the cause of action upon which the former recovery was had *transit in rem judicatem.* And there seems to be no reason why the general rule that no party should be twice vexed by action at law for the same cause should not apply to the cause of action claimed by the plaintiff as well as any other.

Entertaining the foregoing views which render a new trial in this case unavoidable, and learning, from the briefs of the counsel, that the former actions between these parties are pending and undetermined in the court of appeals, in view of the probability of their determination by the court of last resort, before a new trial in this case will take place, we avoid the discussion of the question, whether the purchase of property at a tax-sale, and the holding merely of the scrip therefor, and giving the usual notice to redeem, is such a claim of an estate as is actionable under the law.

The judgment is reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*