[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 543 
The first question in this case is upon the effect of the comptroller's deed, dated December 17, 1850, and delivered in July, 1851, as evidence of his authority to make sale of the lands embraced in the deed. Chapter 183 of the Laws of 1850, passed April 6, (section 2) enacts "that every conveyance of land sold for taxes theretofore or thereafter, executed by the comptroller, shall be presumptive evidence that the comptroller had authority to sell and convey the land described in it for arrears of taxes charged thereon; and that all proceedings, things and notices required by law to be had, done or given prior to the execution of such conveyance by the comptroller, have been had, done and given as required by law; but that such presumption may be rebutted by any legal evidence." The legislature certainly have power to determine, by law, what shall in civil cases be received by the courts as presumptive evidence. The conveyance in this case was dated and executed *Page 544 
after the enactment of the foregoing law, and I am unable to see on what ground any court can refuse to give to the conveyance, when put in evidence, the effect which the legislature has declared it shall possess.
The next question is whether, in case lands sold for taxes in 1848, and not redeemed within two years after the last day of the sale, were not occupied at this latter period, but were occupied at the subsequent time when the conveyance from the comptroller was actually executed, any right of redemption exists. It was held at the trial that occupation, at the time of the execution of the conveyance by the comptroller, conferred a right of redemption under the provisions of the statutes, and consequently that proof of the extinguishment of that right was necessary to make out title under the tax sale. The Revised Statutes provided that the owner or occupant of any land sold for taxes, or any other person, might redeem the same at any time within two years after the last day of such sale; and that if no person redeemed within the two years the comptroller should, "at the expiration thereof, execute a conveyance to the purchaser." (1 R.S.,
409-11, §§ 66, 80.) That whenever any land sold for taxes by the comptroller, and conveyed as thereinbefore provided, should at the time of conveyance be in the actual occupancy of any person, the purchaser should serve a written notice on the person occupying the land, stating certain terms of redemption specified in the statute, and that the occupant or any other person might, at any time within six months after the service of the notice, redeem the land by compliance with the terms of the notice. (1R.S., 412, §§ 83, 85.) It is argued that, upon these provisions of the statute, "the time of conveyance" mentioned in § 83 refers to the time when the purchaser became entitled to a conveyance from the comptroller, and not to the time of the actual execution of the conveyance. *Page 545 
There are many reasons for thinking that a provision for notice, to the occupant at the time when the purchaser becomes entitled to a deed, would better protect meritorious rights than one which requires notice to the occupant only in case of occupation at the time of the execution of the deed; but those considerations cannot be entitled to much weight unless upon the language of the statute we can see that its meaning is not clear. This, however, is not the case. Section 83 speaks of land sold for taxes by the comptroller, and conveyed as thereinbefore provided, which at the time of conveyance was actually occupied. Its command is concerning land so situated. The time of conveyance, in this connection, must mean not the time when the purchaser had a right to require a conveyance, but the time when it was really made. In all the cases this has been considered the true construction of the provision, though the point was in none of them made. The date of the comptroller's deed, which in the absence of other evidence is taken as the time of its execution, was assumed to be the period to which occupancy must, under the statute, be referred. (Jackson v. Esty, 7 Wend., 149;Comstock v. Beardsley, 15 id., 349; Bush v. Davison, 16id., 550.)
The legislature has likewise put the same construction upon the law in the 5th section of chap. 108 of the Laws of 1830. (Laws
1830, p. 112.) Before the passage of this act, the supreme court had decided upon an application for a mandamus against the comptroller, to compel him to receive money for the redemption of lands sold where no notice had been given by the purchaser, that after the purchaser became entitled to his deed no person had any right to redeem until the purchaser gave notice under the statute. The section above cited is as follows: "The occupants of any lands heretofore sold for taxes, and which were or shall be occupied at the expiration of the two years allowed for the redemption thereof, the owner of such occupied lands, or any other person, may, at any time before the service of *Page 546 
notice by the purchaser or the person claiming under him, redeem any lands so occupied as aforesaid, provided the title of the purchaser shall not have become perfect prior to such redemption." Before this act no one could redeem after the two years until the purchaser gave notice; and where there was an occupation under the statute, the title could not become perfect until after notice. This act gives the right to redeem before notice, in case the lands are or were occupied at the expiration of the two years allowed for redemption, unless the title of the purchaser had before become perfect. It recognizes this proposition: That under the then existing law-the right of the purchaser might become perfect, where there was an occupation at the end of the two years, although no notice had been given. No such case as this proviso looks to could exist, if an occupation "at the time of conveyance" means an occupation at the expiration of the two years allowed to redeem. It is therefore apparent that the legislature which passed this act understood that occupation at the time of conveyance, and occupation at the end of the two years given for redemption when the purchaser acquired the right to a deed, might describe different points of time. Under the provisions of the Revised Statutes the title of the purchaser became perfect upon the delivery of his deed from the comptroller, if at that time there was no occupation. If there was such an occupation his title could only be perfected by notice. But occupation at the expiration of the two years was a fact having no bearing upon any one's rights, unless that was also the time of actual conveyance.
The question then is, in the next place, whether the right of redemption consequent upon occupation at the time of the execution of the deed, has been taken away by any subsequent legislation applicable to this case. Chapter 108 of the Laws of 1830, before cited, is relied upon for this purpose. Section 5 of that act affords some light upon this question also. It imposed upon the purchaser no new duty of *Page 547 
giving notice. He was not bound to give notice unless an occupation existed at the time of conveyance. But it allowed a redemption if the lands were or should be occupied at the end of the two years, unless the purchaser's title had become perfect before the redemption was made. This whole provision was applicable only to lands sold before that act. If such lands were not so occupied at the expiration of the two years, or if being so occupied redemption was not made under this section, they were left subject to the operation of the provisions of the Revised Statutes. Thus, in case of lands sold before this act, not occupied at the expiration of the two years, but occupied at the time of conveyance, the rights of purchaser and original owner were left to be determined according to the rule of the Revised Statutes. This continued operation of that rule is effected, not by direct readoption or affirmance of the rule, but by so limiting the new rule which the section introduces as to leave all cases not coming within it to the operation of the previously existing law. It affords, therefore, a strong and conclusive indication that the legislature did not intend to repeal that law, but to make a new rule for a new class of cases, leaving the class previously provided for to be governed by the existing law. In no part of the act is any thing found which conflicts with this indication of the intention of the legislature. Its provisions may stand with those of the Revised Statutes, each governing the class of cases which falls within them. Under these circumstances it is not possible to hold, that the provisions of chap. 108 were intended as a substitute for those of the Revised Statutes. The court upon this point, therefore, committed no error upon the trial.
The judgment should be affirmed