## HOWARD v. MOOT.

*Constitutional law — legislature may pass act changing the burden of proof as to title —Evidence — admission of will to probate is, of competency of testator — Pulteney estate — title to, valid.*

By Laws of 1821, chap. 19, entitled " An act to perpetuate certain testimony respecting the title to the Pulteney estate, in this State," it is provided (§ 3) that copies of the depositions taken in accordance therewith, duly certified shall be *prima facie* evidence of the facts in all suits in which the title to the Pulteney estate may, in anywise, be drawn into question. *Held*, that the legislature had power to pass the act, notwithstanding (1) it changed the burden of proof from those asserting to those denying the title ; and (2) no provision was made for notice of the taking of the deposition to those interested in rebutting the testimony ; and (3) the chancellor was, by the act (§ 2), made the exclusive judge of the weight of the evidence.

A will was admitted to probate in this State at a time when it was required that the testator should be of a specified age, and it was then proved that testator was of *full* age. *Held*, sufficient evidence that testator was of the age required by the laws of this State notwithstanding he resided in Scotland, where, by law, a younger person might make a will.

The title to the Pulteney estate *held* valid. *People* v. *Snyder*, 41 N. Y. 397.

VOL. V. N. Y. REP.— 12

APPEAL by defendant from a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The action was one of ejectment brought in Livingston county by Henry C. Howard and others, against George K. Moot, to recover the possession of one hundred acres of land situate in Spring-water, in said county. The lands in controversy were a portion of what is known as the Pulteney estate, and the only question at issue was the title to that estate, and the evidence in support of the same.

The legislature in 1821, for the purpose of perpetuating testi-mony as to the title to the Pulteney estate, passed an act (chap. 19) in which it was enacted,

"I. That it shall and may be lawful for the chief agent of the said Pulteney estate, in pursuance of this act and in the name of the trustees of the said estate, to present a petition to the chan-cellor of the State, praying leave to examine Robert Troup, Joseph Fellows and John Greig, of the county of Ontario, *in perpetuam rei memoriam*, relative to Sir William Pulteney's seisin of the said estate, his death without will, the descent of the estate to Henrietta Laura Pulteney, her seisin of the estate, her death without will, the descent of the estate to Sir John Lowther Johnstone, his seisin of the estate and his death after first making his will. And further: That after the presenting of the said petition, it shall be the duty of the chancellor, and he is hereby required to settle the form of the interrogatories to be put to the said witnesses, and to direct their examination according to the course and practice of the court of chancery.

"II. That if the chancellor, after the examination of the wit-nesses has been duly taken, shall be of opinion that their deposi-tions furnish good *prima facie* evidence of the facts therein set forth, then and in such case it shall be also the duty of the chan-cellor, and he is hereby further required, to pronounce such opinion and thereupon to order the original interrogatories and depositions to be filed in the office of the register of the court of chancery, there to remain as matters of perpetual record.

"III. That copies of the depositions so as aforesaid taken and filed, when certified by the register of the court of chancery, and having the seal of the court thereto affixed, shall, and may at all times hereafter and in all courts, as well of law as of equity, in this State, be received and read as *prima facie* evidence of the facts in

the said depositions set forth, in all suits which may be depending in the same courts and in which the title of the said Pulteney estate may be the point in issue, or in which the title, by reason of any matter incidental to the point in issue, may be drawn into question."

In pursuance of this act, the chancellor settled the interrogatories provided for, and the depositions of the witnesses named in the act were taken and the opinion of the chancellor given that the depositions did furnish good *prima facie* evidence of the facts therein set forth, and by order entered November 28, 1821, it was directed that the "interrogatories and depositions be filed in the office of the register of this court, there to remain as matters of perpetual record."

A duly certified copy of the deposition was produced in evidence of plaintiff's title.

Such other facts as are necessary appear in the opinion.*

*Scott Lord*, for appellant, cited as to the power of the legislature to pass the act of 1821: Constitution of 1777, §§ 13, 41; R. S. 1813, 47; 1 Greenl. on Ev. 494; *People* v. *Supervisors of Westchester*, 4 Barb. 64; *Benson* v. *Mayor of New York*, 10 id. 223; *Powers* v. *Bergen*, 6 N. Y. 358; *Hartung* v. *People*, 26 id. 167; *Killam* v. *Killam*, 1 Am. Law Reg. N. S. 28, 29; *Bates* v. *Kimball*, 2 Chip. 89; *Wilkinson* v. *Leland*, 2 Pet. 627; Smith on Stat. and Const. Law, 236, 296, 534; Sedgw. on Stat. and Const. Law, 156–159.

*William Rumsey*, for respondent.

MULLIN, P. J. The court of chancery from the earliest time entertained bills to perpetuate testimony in cases in which an action could not be presently maintained, to be used when an action should be brought in which such evidence was admissible.

The legislature as early as 1806 provided another mode of perpetuating evidence less expensive, but as effectual as the proceeding by bill. To entitle a party to proceed in either way it must be made to appear that the person applying either was or expected to be a party to a suit; that the testimony was material, and if the suit was not actually commenced, that the opposing party resided in the State.

---

* The title to the Pulteney estate has been passed upon by the courts of this State in the following cases: *Duke of Cumberland* v. *Graves*, 9 Barb. 595; S. C., 7 N. Y. 305: *People* v. *Snyder*, 51 Barb. 589; S. C., 41 N. Y. 397.—REP.

Neither the owners of the unsold lands of the Pulteney estate nor the purchasers of such lands could perpetuate evidence in chancery or under the statute, and in the case of the purchasers, each purchaser must proceed, or such as did not might be subjected to the risk of failure, to establish title in his grantors to the land held by him. To remedy the defect the legislature in 1821 passed an act entitled an act to perpetuate certain testimony respecting the title to the Pulteney estate in this State. Under this statute the testimony was taken once only and was available in behalf of all persons interested.

It is by the evidence thus taken and used on the trial of this action, that the validity of the act itself and the competency of the evidence are brought in question.

The appellant's counsel denies the power of the legislature to pass this act, but it will be seen that the perpetuation of evidence was a part of the jurisdiction of chancery, and the practice in that court and its jurisdiction were wholly within the control of the legislature; it could grant or take away and change the mode of procedure at pleasure. If it might lawfully provide for perpetuating evidence otherwise than by bill in chancery, it could amend or repeal the act authorizing it. In short, the whole subject was within the control of the legislature, and its action is not open to discussion.

It is said that the act under consideration takes away from the party against whom the evidence is used rights to which he was justly entitled, of which he cannot lawfully be deprived. The act makes no provision for notice of the taking of the evidence upon the parties interested in rebutting the evidence that the act provides should be taken, and the evidence when taken is made *prima facie* evidence of the facts testified to, thus changing the burden of proof from the shoulders of those who labor to maintain the title of Pulteney and those claiming under him to those who may claim in opposition to such title.

The legislature in 1850 passed an act making a comptroller's deed of land sold for taxes presumptive evidence of the authority of the comptroller to sell and convey the land, and that all proceedings had and acts done prior to such conveyance were regular and in conformity to law. Here was a manifest change of a rule of evidence prior to the passage of said act, when the person claiming under the deed had the benefit of no presumption in favor of the

deed, but was compelled to prove the regularity of each step in the proceedings to sell said land. The court of appeals in *Hand* v. *Ballou*, 12 N. Y. 541, held the act to be constitutional, although there was no provision made for hearing the persons against whom the presumption was made to operate. JOHNSON, J., gives emphasis to the decision by saying "The legislature certainly have power to determine by law what shall in civil cases be received by the courts as presumptive evidence." In view of this decision, a further discussion of the question of the power of the legislature to change the rules of presumptive evidence is wholly unnecessary.

The appellant's counsel further insists that the evidence taken under the interrogatories is not competent legal evidence to establish *prima facie* the facts in support of which the evidence was taken. The act makes the chancellor the exclusive judge of the weight to be given to the evidence, and his decision on that point cannot be reviewed.

If the legislature has the right to change the rules of evidence, it surely has the power to impose such restrictions upon the operation and effect of the evidence as it deems proper.

In the case under consideration, instead of declaring that upon the production of the title deeds and instruments relating to the Pulteney estate, the presumption should be that there vested in the purchasers or other person a valid legal title to the lands embraced therein, it is provided that such presumption shall not be allowed until evidence shall be taken, that the highest judicial officer in the State shall declare to be, in his opinion, sufficient to establish *prima facie* the facts which the statute permitted to be proved.

The appellant's counsel objected to the admission of the will of Sir John Lowther Johnstone, because it was not proved at the time of proving said will that the testator was of the age of twenty-one years. It was proved at the time of executing said will, the testator was of full age. The will was offered for probate in this State, and it must have been executed in conformity with the laws of this State; and one of the essentials was that the testator should at the time of executing the same be twenty-five years of age. This was full age, and no person under twenty-five could make a valid will. If he was not, the witnesses who swore he was of full age, when in fact they knew he was not, were guilty of perjury; and it would not have been a defense that the will was made in Scotland and

that by the Scotch law a person of the age of eighteen years could make a will. The objection was properly overruled.

In view of the transfer by this State to the State of Massachusetts of the lands known as the Pulteney estate, and of the transfer of said lands by Massachusetts to Phelps and Gorham, and of the subsequent conveyances of the same, with the sanction by the legislature of the same, and of the treaty between the United States and Great Britain, ratifying and confirming the title of British subjects to lands held by them, we must declare the title to this estate valid, regardless of all mere technical objections thereto.

In the case of *People* v. *Snyder*, 41 N. Y. 397, many of the objections relied upon by the appellant's counsel were considered, and although the pleadings in that case rendered an examination of them unnecessary, it is nevertheless obvious that the court of appeals did not consider them of any importance.

It would be little short of madness for the courts at this day to cast doubt upon, much more to hold invalid, the title to the Pulteney estate. For myself, I have not the courage to do so, even if the objections thereto were more formidable than they appear to me.

The judgment must be affirmed.

*Judgment affirmed.*