By the Court.—Van Vorst, J.
This is an action under section 449 of the Code of Procedure, and 2 Devised Statutes, 313, and the several amendments thereto, to determine claims to real property (Burnham v. Onderdonk, 41 N. Y. 425; Barnard v. Simms, 42 Barb. 304).
The plaintiff, by his complaint, claims to have an estate in fee in the lands in question. His title was derived through a conveyance made to him by a referee in pursuance of a sale made under a judgment in an action for the foreclosure of a mortgage executed by one Thorp, the owner of the land. The referee’s deed is dated June 3, 1876. The plaintiff, in his complaint, alleged that he, and those through whom he claims, have been in the actual possession of the land for three years before the commencement of his action.
The defendant claims title to the premises under a lease made by the mayor, aldermen, and commonalty of the city of Hew York, for sixty years, from March 18, 1876, on a sale for taxes. Such a claim may be determined in this action (cases above cited).
By his answer, the defendant denied each and every allegation of the complainant, except as admitted, and set up the particulars of his title, through the lease granted to him by the mayor, &c., &c., of Hew York.
*296 The learned judge, before the action was tried at special terrU, found as a fact, that neither the plaintiff, nor those from whom he claimed, had been in the actual possession of the premises for three whole years before the commencement of the action, and, as his first conclusion of law, decided that the plaintiff’s complaint should be dismissed. But, on the assum ption that the plaintiff could maintain the action, the judge decided that under the facts found by him the defendant is entitled to the possession of the premises as owner thereof until the term of sixty years, being the time limited in and by the lease, under which he claimed, should be complete and ended, and rendered judgment accordingly. In reaching this conclusion, the judge decided, as matter of law, that the sale, of the premises by the mayor, aldermen and commonalty of the city of New York, and all the proceedings prior thereto, from and including the assessments thereon, for taxes and Croton water rents, and all notices required by law to be given previous to the expiration of the two years allowed to redeem, were regular, and according to the provisions of the statute in such cases made and provided, and that the six months’ notice to redeem the premises from the sales was duly served upon the proper parties. The plaintiff’s counsel excepted to the findings of fact, upon which the conclusions of law above indicated were reached, as also to all the conclusions of law.
From the character of the judgment from which this appeal is taken, the first question to be determined is whether the defendant’s claim under his lease can be legally maintained, and its solution determines in fact-all the points involved in this action.
The defendant gave his lease in evidence, and claimed affirmatively under it. By the terms of the act under which the proceedings were had, which resulted in the lease to the defendant, the lease, when *297 properly executed, is made presumptive evidence that the sale and all proceedings prior thereto, from and including the assessments on the lands and tenements, for taxes, assessments, or Croton water rents, and all notices required by law to be given, previous to the expiration of the two years allowed to redeem, were regular, and according to the provisions of the statute in such case made and provided; and the purchaser shall lawfully hold and enjoy the land, against the owner, until the purchase term is complete (Laws of 1871, c. 381, § 4).
The legislature has the power to determine what shall be presumptive evidence of regularity to uphold the title of the purchaser (Hand v. Ballou, 12 N. Y. 543). The burden then rests upon the plaintiff to show that the defendant’s claim is unjust, and that the proceedings through which he claims are irregular and illegal, and the lien void. Proceedings of the character of those in question, instituted, and in all their essential details regulated by statute, are closely scrutinized, and the provisions of the statute should be sedulously complied with (Brown v. Goodwin, 1 Abb. New Cas. 458). It is to be observed that the lease is only presumptive evidence of regulan ty. That the proceedings are not, in fact, regular and valid, may be shown. The plaintiff’s counsel urges that the proceedings are irregular and defective in several particulars, and that the lease is therefore void.
In the first place, he urges that the notice of sale required by the statute was insufficient. The statute provides that no houses or lots shall be sold or leased for the non-payment of any tax, assessment or Croton water rent, which may be due thereon, unless notice of such sale shall have been published once in each week successively, for three months, in at least two of the daily newspapers printed and published in the city of Hew York.
*298 It is objected that one of the newspapers in which the notice was published was printed in the German language, and that for that reason the notice was void.
It may be conceded that the general intent of the statute is that these notices should be published in newspapers printed in the English language. As the object is to. give general as well as specific notice, in an effective form, it could not be otherwise well attained. In the case to which we are, by.the plaintiff’s counsel, referred, Graham v. King (50 Mo. 22), publication was made in only one newspaper, and that- printed in German. There were two English papers printed in the same county; the court held the publication ‘ ‘ obviously bad,” and said: “When notices are to be published in a paper, an English paper is always intended, unless it is expressed otherwise.” There were special circumstances in that case which showed clearly enough that the insufficiency of the notice had wrought an injury to interests designed to be protected through the publication which the court had ordered. The good faith of the act. in question was open to criticism. As above stated, the object of the statute was to give notice to all interested, and how that end could be best reached, must be left in a measure to the good judgment of those to whom the duty of carrying out the provisions of the law, in the selecting of the newspapers, is left.
The court may certainly take notice of the fact that a very large number of our citizens are of German birth, and speak and read the German language. And if those, upon whom the duty is cast of making a selection out of the daily newspapers in the city of Hew York, of ten journals, in which the notices in question should be printed, should select one paper printed in the German language, as the most effective way of giving the notice required to all concerned, we cannot perceive that they have violated the law, or *299 done injustice to any interest. The propriety of the publication of legal notices in a German newspaper, that the same may reach those who read that language, is recognized by the Laws of 1873, c. 335, § 111. And in making the selection of the one German newspaper out of ten to be designated, the municipal authorities but recognized a fitness in things, which subsequently received legislative sanction. Coming to this conclusion as to this subject, it is not important to inquire whether or not the Qity Record is a newspaper, or whether a publication therein meets the requirements of the statute in this instance.
An objection of a more serious character is, however, taken. It is that the notice to redeem in pursuance of section 4, of chapter 381, of the Laws of 1871, was defective in substance. We are of opinion, upon consideration, that this objection is well taken.
The above section requires the clerk of arrears to publish a notice in one of the daily newspapers, printed and published in the city of Mew York, in such form as he may deem best calculated to give notice of such sale, that unless the lands and tenements are redeemed by “a certain day,” they will be conveyed to the purchaser.
The notice published did not specify any “ certain day,” on, by, or before which the land was to be redeemed. The notice stated that the lands described in an accompanying list were sold on the 9th, 12th, 18th and 25th days of March, 1874, and that, unless redeemed, on or before two years from the date of the respective sales, which will be on the 9 th, 12th, 18th and 25th days of March, 1876, the mayor, &c., &c., would execute a lease to the purchaser.
With respect to the land in question, the notice did not state on what particular day it was sold. It might have been sold on the 9th of March, the first day, or on *300 the 25th, the day last named, or on either of the intermediate days-, and the day to redeem might expire on either of such days, according to the day on which it was sold. The statute speaks of a “certain,” not an uncertain, day.
Nor can the notice be aided by the date of the certificate issued to the purchaser, as that is not given in the notice.
In reply to this objection, it is urged that the clerk of arrears had a discretion as to the form of the notice. That discretion, however, as to mere form, was to be exercised under the express language of the act, so that the" notice should be one best calculated to give information of the sale. That could only be well done by expressly naming the day on which the premises in question were sold. The day on which the right of redeeming was to expire was “a certain day,” which,we think, should not have been left indefinite, or as to which, by connecting it with other days during which much other property was sold, a mistake might readily occur. Suppose the party affected relied on the last day named, and attempted to redeem at the expiration of two years from that day, he could not have done so, if the property had been in fact sold on the first day.
We do not think the notice given was such as the statute contemplated,' and as it was to operate upon and limit a right of redeeming property sold, the law under which it was given should have been strictly followed, and a day “certain” for redemption should have been stated. The section of the statute under consideration proceeds to say that if the person or persons claiming title to the lands shall not, within two years from the date of the certificate, pay to the clerk of arrears,.for the use of the purchaser, the sum mentioned in the certificate, together with interest at the rate of fourteen per cent, per annum from the date of *301 certificate, the comptroller shall execute to the purchaser a lease of the lands so sold for the term of years for which they shall have been sold.
The date of the certificate, as already observed, was not stated in the notice "published. The statute does not require that it should be stated, nor as information for the. guidance of the owner was it necessary to be stated, provided a day had been distinctly named on which this property was sold, or a day “ certain” had been mentioned for redemption. But neither was definitely stated.
We think the defect in the notice was one of substance, and that the lease granted in pursuance of a default in redeeming under such notice is void. If this conclusion be correct, the judgment should for this defect be reversed. But there is another objection which appears to be equally fatal to the defendant’s case. It is further objected by the plaintiff that the notice to owners and occupants required to be given by the purchaser at the sale in pursuance of section 13 of chapter 381 of the Laws of 1871, was not given to him. This section provides that if the land in question, sold “and conveyed,” as in the act provided, shall, at the time of the conveyance, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such land, and in all cases on the person owning the property so conveyed.
The object of the notice being to give the owner, in so "far as he is concerned, further time to redeem, by paying the amount for which the premises were sold at the tax sale, with an addition of forty-two per cent, on such sum, and that unless paid the conveyance would become absolute, and the owner be forever barred, &c., &c. A service upon the occupants of the premises is not a service on the owner. The defect in the notice is *302 that it was served upon the occupants by the purchaser before the conveyance to him, and that no service was ever made upon the plaintiff, the owner. The evidence is, and the court has found, as a fact, that the lease to the defendant was executed and delivered on or about December 30, 1876, while the notice was served on the occupants and the former owner, March 22, 1876. The service of this notice was premature and wholly ineffective. It was the “ grantee” to whom the premises “shall have been conveyed ” who was to give the notice. Until conveyance actually made, there could be no grantee (Hand v. Ballou, 12 N. Y. 541; Paillet v. Young, 4 Sandf. 58).
Besides, the notice required by this section was also required to be served on the person owning the premises “so conveyed.” When the lease was actually made and delivered by the comptroller, in December, 1876, the plaintiff was the owner of the property, and had been since the month of J une, 1876, and he has never been served with the notice required by section 13 of the act.
The title of the purchaser at the sale is only complete after the service of the notice required by section 13, and proof thereof shall have been made and filed as provided in section 15, and after the persons entitled to redeem shall have failed to pay the amounts within the time prescribed by such notice, section 16.
As no such notice has been served on the plaintiff, he is not barred of his right in and to the premises, and his right to pay the tax and redeem the land is wholly unaffected.. The conclusion of the learned judge, therefore, that the defendant is entitled to the possession of the premises, and may lawfully hold and enjoy the same against the plaintiff for the term of sixty years, and the judgment entered thereon, is erroneous.
The next question to be determined is, whether the finding of the learned judge, and his conclusion there *303 on, that neither the plaintiff nor those from whom he claimed had been in the actual possession of the premises for three whole years before the commencement of this action, was correct. The only interruption of the plaintiff’s possession, upon which the result is reached that neither he nor those through whom he held had been in possession for three whole years before the commencement of this action, was for three months, in the early part of the year 1877. The defendant, after obtaining the lease from the comptroller, went upon the premises, and told the tenants that he was the owner, and that they must pay rent to him. The tenants were threatened that unless they paid rent to the defendant, they would be expelled from the premises. Under such circumstances and threats, the tenants, for three or four months in the fore part of the year 1877, paid rent to the defendant. Since that time they have again recognized the plaintiff’s title, and have regularly paid him rent, as they had done before they were interfered with by the defendant.
We cannot think that the defendant was entitled do enter into the occupation of the premises, or to the rents and profits thereof, until after his title had become perfected and absolute, in pursuance of the provisions of sections 15 and 16 of the act under consideration.
The rights conferred by the 4th section are dependent upon the performance of the acts required to be done by the holder of the lease, by the sections above named, and the omission of the owner to redeem in pursuance of the six months’ notice. The penalty of forty-two per cent., imposed by section 13, must be regarded as ample compensation, allowed by law, for the delay of six months from the service of the notice to redeem, before the grantee should acquire all the rights, among which is possession, incident to a perfected and absolute title. The defendant’s act in entering upon the *304 premises, and in this manner collecting rents from plaintiffs tenants, we do not think, in law, should be held an interruption of the plaintiff s possession.
It is provided by statute that no entry shall be made into any lands, or other possessions, but in cases where entry is given by law (2 R. S. 507, § 1). And the attornment of a tenant to a stranger is absolutely void, and shall not in any wise affect the possession of his landlord, unless it be made with the consent of the landlord, or in pursuance of a judgment at law, or the order or decree of a court of equity, or to a mortgagee after a mortgage has become perfected (1 R. S. 744, § 3). The defendant’s action did not in law interrupt the plaintiff’s possession, under his deed of June, 1876 (Burhans v. Van Zandt, 7 Barb. 91).
The plaintiff and Thorp, through whom he claimed, had together a three years’ possession of the premises prior to the commencement of the action, and the defendant did not obtain any title by means of the lease, for the reason that it was void, and if not void, it never became a perfected instrument sufficient to cut off or bar the plaintiff’s right and interest under his deed.
The motion made by the plaintiff against Artemus Cady, clerk of arrears in the supreme court, for a mandamus, is no bar to this action, for the reason that it is not a proceeding between the same parties, and was not for the same relief sought in this action.
The judgment is reversed, and a new trial is ordered, costs to abide the event.
Sedgwick, J., concurred.