THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAM J. MILLER, Respondent, v. HILLYER RYDER, as County Treasurer of the County of Putnam, Appellant.

*Distribution of unclaimed proceeds of sale in partition suits— Code of Civil Procedure, secs. 1582, 841 — chapters 39 and 40 of 1889 are constitutional.*

Sections 1582 and 841 of the Code of Civil Procedure, as amended, respectively, by chapters 39 and 40 of the Laws of 1889, relating to the distribution of unclaimed moneys arising from the proceeds of sale of real property in actions of partition in certain cases, are not in violation of the constitutional provision which prohibits the deprivation of persons of their property without due process of law. They simply establish a new rule of evidence, the creation of which is within the authority of the legislature.

*Semble*, that if these laws made the lapse of time conclusive evidence of the death of the unknown heirs, and precluded them from establishing the truth of their existence, the laws could not be upheld as a legitimate exercise of legislative power because they might destroy rights and work a confiscation of property; that as they simply shifted the burden of proof in the proceedings to obtain a fund in the hands of the county treasurer, they operate upon the remedy merely, and not upon a vested right.

Appeal by the defendant Hillyer Ryder, as county treasurer of the county of Putnam, from an order made at the Dutchess County Special Term, August 16, 1890, and entered in the office of the clerk of the county of Putnam on the 19th day of August, 1890, directing that a writ of *mandamus* issue to said county treasurer requiring him to pay to Esther Jane Griffen and others, in the proportions therein named, certain moneys in the custody of the said treasurer.

*Clayton Ryder*, for the appellant.

*Abram J. Miller*, relator in person, respondent.

Dykman, J. :

This is an appeal from an order directing the issuance of a peremptory writ of *mandamus* to the defendant, requiring him to pay over to certain persons money brought into court over twenty-five years since for unknown owners, in an action for the partition of land.

The facts upon which the proceeding is based are substantially as follows: Louis B. Griffen died intestate, seized and possessed of a farm of land in Putnam county, and an action was commenced in the Supreme Court for the partition of the land, which resulted in a judgment for the sale of the premises, and the share of the descendants of Deborah Ann McCormick, a deceased sister of Louis B. Griffin, who died twenty years before him, being one-fifth of the net proceeds of the sale, was brought into court and deposited with the county treasurer of Putnam county December 19, 1863, where it has since remained, accumulating interest.

The relator and other parties in interest presented to the Supreme Court at Special Term, on the 8th day of February, 1890, a petition setting forth the above facts, and alleged that more than twenty-five years had elapsed since the payment of the money into court; that no claim had been made therefor by any person entitled thereto, and that due inquiry for the unknown heirs of Deborah Ann McCormick had been made; and upon such petition and the subsequent proceeding thereon, the court, on the 19th day of July, 1890, made a decree in the action of . partition, declaring that the unclaimed portion of the proceeds of the sale, with all accumulations of interest, was vested at the time of such payment in the then known heirs of Deborah Ann McCormick, deceased, and directing the county treasurer of Putnam county to pay over said sum, now amounting to about $18,000, to the known heirs and the persons claiming under or through them, as set forth in such decree.

The defendant refused to make such payment, on the ground that the decree was without other authority of law than that conferred by sections 1582 and 841 of the Code of Civil Procedure, as amended by chapters 39 and 40 of the Laws of 1889, and that such chapters were unconstitutional and void.

On the 16th day of August, 1890, an order was made at the Special Term, on notice to the defendant, that a peremptory writ of *mandamus* issue out of the court, directed to the defendant, requiring him to make such payment, and from that order the defendant has appealed to the General Term.

Chapter 39 of the Laws of 1889 is entitled " An act to amend section 1582 of the Code of Civil Procedure, relative to the distribution of unclaimed moneys arising from the proceeds of sales of

real property in actions of partition in certain cases." It is as follows:

" Where a person has been made a defendant as an unknown person, or where the name of a defendant is unknown, or where the summons has been served upon a defendant without the State, or by publication, and he has not appeared in the action, the court must direct his portion to be invested in permanent securities at interest for his benefit until claimed by him or his legal representatives, but after the lapse of twenty-five years from the time of the payment into court, or to the treasurer of any county, of any portion of the proceeds of the sale of real property for unknown heirs, in any action of partition without any claim therefor having been made by a person entitled thereto, and upon there being made and presented to the court, at a Special Term thereof, proof by petition or otherwise, showing to the satisfaction of the court that due inquiry for such unknown heirs has been made, and that no claim has been made for such portion of said proceeds by any person entitled thereto, the said court shall have power to decree that such unclaimed portion of such proceeds was vested at the time of such payment in the known heirs of the common ancestor of such unknown heirs, and their heirs and assigns, and shall make an order in such action directing the payment to them or their assigns of the respective shares or portions of, or interest in such proceeds, to which they are entitled; and upon serving on the county treasurer a certified copy of such order the treasurer shall so pay over and distribute the same after deducting his lawful commissions, and shall thereupon be exempt from all liability on account thereof."

Chapter 40 of the Laws of 1889 is entitled "An act to amend section 841 of the Code of Civil Procedure relative to the presumption of the death of unknown heirs, in actions of partition, in certain cases," and is as follows . "A person upon whose life an estate in real property depends, who remains without the United States, or absents himself, in the State or elsewhere, for seven years together is presumed to be dead in an action or special proceeding concerning the property in which his death comes in question, unless it is affirmatively proved that he was alive within that time. And where, in any action of partition in this State, any portion of the

proceeds of the sale of real property is, or has been, paid into court, or paid to the treasurer of any county for any unknown heirs, and is unclaimed for twenty-five years, the lapse of twenty-five years after such payment, raises the presumption of the death of such unknown heirs, and they are and shall be presumed to be dead, in any action or proceeding for the purpose of distributing and paying over such proceeds."

So far as these statutes have application to the present proceeding, their provisions are substantially similar and they are to be construed together. It is the claim of the defendant, however, that they are violative of the constitutional prohibition which inhibits the deprivation of persons of their property without due process of law. In our view, however, they simply establish a new rule of evidence, which the legislature often does, and which is fully within the legislative authority. The competency of the legislature to make new rules of evidence or change the common-law rules existing, unrestricted by the provisions in the Constitution, which interdict the appropriation of private property without due process of law, has been frequently considered by the courts and is now firmly established. (*People* v. *Turner*, 117 N. Y., 233; *Hand* v. *Ballou*, 12 id., 541.)

So the legislature may enact laws affecting civil rights and allow them retroactive operation, while laws relating to crimes and their punishment may not be made to retroact; the interdiction of the Constitution of the United States and of this State applies only to criminal law. In our State, all legislative power is vested in the legislature, which, within its sphere, possesses the omnipotence ascribed to the British Parliament, except where its exercise is restricted by the Constitution. (*Dash* v. *Van Kleeck*, 7 Johns., 477; *People* v. *Turner, supra; Mongeon* v. *People*, 55 N. Y., 613; *People ex rel. Collins* v. *Spicer*, 99 id., 233.)

Returning again to the statutes in question, we think they must be understood as affecting the remedy by which civil rights are to be enforced and not as destroying vested interests. All rules and regulations respecting legal remedies are subject to the modification and control of the legislature, and the rules of evidence are no exception. (*Howard* v. *Moot*, 64 N. Y., 268.)

If these laws made the lapse of time conclusive evidence of the death of the unknown heirs, and precluded them from establishing

the truth of their existence, they could not be upheld as a legitimate exercise of legislative power, because then they might destroy vested rights and work a confiscation of property.

Legislation similar to this is by no means infrequent in this State. The Code of Practice wrought very radical changes in the proceedings in civil actions in this State, and its provisions were applied to existing causes of action where suits had not been commenced before their enactment. But they have not been held to impair or trench upon the obligations of contracts or to destroy vested rights. Familiar instances of the constitution of presumptive evidence by certain facts are the recitations in tax leases from which the regularity of certain proceedings are presumed. The possession of various weapons concealed upon the person is made presumptive evidence of carrying them with intent to use the same in violation of the statute. (Penal Code, § 411.)

Possession of a dredge in the waters of Long Island sound is made presumptive evidence of intent to use the same in violation of the provisions of the statute prohibiting such use. (Chap. 234 of the Laws of 1870, § 4.) Our conclusion, therefore, is that these statutes operate upon a remedy and not upon a vested right. They shift the burden of proof in a proceeding to obtain the fund in the hands of the county treasurer, and thus operate upon the method of procedure. They render proof of death unnecessary in the first instance, after a court is satisfied that due inquiry for such unknown heirs has been made, and that no claim has been made for such fund by any person entitled thereto. Such is our construction of these statutes, but they are new and have not passed the scrutiny of the Court of Appeals.

It is difficult to draw a dividing line between statutes which affect remedies only and those which pass beyond the limits of legislation, and impair vested rights or antecedent contracts. We, therefore, find the county treasurer justified in obtaining the opinion of the courts before he yields up the possession of the large fund in question.

The order should be affirmed, but, under the circumstances, without costs.

Pratt, J., concurred; Barnard, P. J., not sitting.

Order granting *mandamus* affirmed, with * costs.

---

* *sic.*