STACKHOUSE et al. v. STOTENBUR et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. QUIETING TITLE—POSSESSION—PRESUMPTIONS.
    In a suit to quiet title, where plaintiff's possession of the premises is shown, its continuance for the requisite time will be inferred, in the absence of evidence to the contrary.

2. SAME—EVIDENCE.
    In a suit to quiet title, under Code Civ. Proc. § 1638 et seq., proof of possession in plaintiff for the required length of time under claim of title is sufficient to compel defendant to show his title.

3. MARRIAGE—DECLARATIONS OF PARTIES.
    Declarations of parties while cohabiting are admissible on the question of their marriage.

Appeal from judgment on report of referee.

Action by Mary S. Stackhouse and others against John Stotenbur and another. From a judgment for plaintiffs, entered on the report of a referee, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Richard H. Thurston, for appellants.
M. J. Sunderlin, for respondents.

MERWIN, J. This action was commenced on August 1, 1891, under the provisions of the Code of Civil Procedure relating to the determination of claims to real property (section 1638 et seq.), for the purpose of quieting the title to a house and lot in the village of Havana. The plaintiffs, in their complaint, claimed to be owners in fee of the premises, and, in substance, alleged that, for more than three years previous to the commencement of the action, they had been in actual possession of the premises, as tenants in common, holding the same through the plaintiff Mary S. Stackhouse, one of the tenants in common, who resided during that time on the premises. The defendants, in their answer, alleged, among other things, that they, as heirs at law of one Abram Stotenbur, were the owners in fee of the premises, and that the plaintiffs were in possession, and unlawfully withheld the same from the defendants. It appeared that Abram Stotenbur at one time owned the premises, but it was shown by the plaintiffs, and is not now disputed by the defendants, that Stotenbur, prior to 1879, conveyed the premises to Calden B. Forest, Jr., who was in the possession and occupancy thereof at the time of his death, on the 25th January, 1879. He died intestate, and

his father, Calden B. Forest, Sr., survived him, and was in the possession and occupancy of the premises from shortly after the decease of the son to the time of his (the father's) death, in February, 1881. It is shown that the father, after the death of the son, moved into the house, and lived there until he died. The plaintiffs are the heirs at law of the father.

It is claimed by the defendants that the plaintiffs failed to show an actual possession for three years immediately preceding the commencement of the suit. . There was evidence tending to show that the plaintiff Stackhouse, upon the death of her father, moved into the house. It was alleged by the defendants in their answer that the plaintiffs, at the time of the commencement of the suit, were in possession. The defendants gave no evidence disputing the actual possession of the plaintiffs from the time of their father's death. No question as to this appears to have been made at the trial. Upon the motion for a nonsuit, no such ground was specified. An occupation being shown, its continuance may be inferred. 2 Whart. Ev. § 1286. The evidence and circumstances in this case authorize, I think, the finding, as matter of fact, that the plaintiff Stackhouse continued to reside on the premises down to the time of the commencement of this action, and that, therefore, the plaintiffs were in actual possession for the period required.

It is further claimed that the plaintiffs failed to show that Calden B. Forest, Jr., died without legal descendants, and therefore failed to show title by descent in his father. In actions of this kind, proof of possession in plaintiff for the required length of time, under claim of title, is sufficient to compel the defendant to show his title. Ford v. Belmont, 69 N. Y. 567; Schroeder v. Gurney, 10 Hun, 413; Barnard v. Simms, 42 Barb. 304; Benson v. Townsend (Sup.) 7 N. Y. Supp. 162. If so, it is not clear how the defendants are interested in the heirship of Forest, Sr., as they do not claim under Forest, Jr. Passing, however, that question, there appears in the case considerable testimony given on the part of the defendants on the question whether Forest, Jr., left, him surviving, a widow and child. Rebutting testimony was given on the part of the plaintiffs, the claim of plaintiffs being that no legal marriage had ever existed between the party claiming to be his widow and the mother of the child. Under the circumstances appearing in the case, the referee was authorized to find that no marriage had in fact taken place, and, therefore, that Mr. Forest, Sr., was the heir. There was no error in receiving the declarations of the parties while living together, within the rule laid down in Re Taylor, 9 Paige, 611, 616. They characterized the circumstance of cohabitation. Nor is there any error apparent that calls for a reversal in the rulings of the court as to evidence by way of contradiction. The witness sought to be contradicted admitted upon her cross-examination that she had testified differently upon a previous examination. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.